EX PARTE GEORGE BOENNINGHAUSEN.

St. Louis Court of Appeals, March 16, 1886.

1. HABEAS CORPUS—JURISDICTION—WRITS OF ERROR.—Where the writ of *habeas corpus* is used as an original writ, jurisdiction will not be exercised in cases where to do so would be to make it perform the office of a writ of error.

2. ———— CONSTITUTIONAL LAW.— A person convicted of a violation of a city ordinance will not. be discharged under a writ of *habeas corpus*, where the sole ground alleged is the unconstitutionality of the ordinance.

APPLICATION for a writ of *habeas corpus*.

*Prisoner remanded.*

L. A. STEBER, for the petitioner: *Habeas corpus* is the proper remedy for the discharge of a prisoner who has been convicted under an unconstitutional law. *Ex parte Rollins*, 20 Rep. 765; Cooley on Const. Lim. (4 Ed.) 431, *348, see Note 1; *Ex parte Snyder*, 64 Mo. 58; "*The Kuklux*" cases, 4 Sup. Ct. Rep. 153; *People. v. Warden*, 2 N. East Rep. 870; *In re Wong Yung Quy*, 6 Saw. 237. And it makes no difference whether the proceedings, if void, are civil or criminal. *Ex parte Rollins*, 20 Rep. 765. This court has not only the right, but it is its imperative duty to take jurisdiction in this case. *In re McDonald*, 19 Mo. App. 370; *Ex parte Jilz*, 64 Mo. 205; *Ex parte Snyder*, 64 Mo. 58; *Ex parte Bethurum*, 66 Mo. 545; *Ex parte Kearny*, per Thornton, 55 Cal. 212, at p. 230; *People v. Liscomb*, 60 N. Y. 559, *et seq.*; *People v. Warden*, 2 N. East Rep. 870–872; *In re Wong Yung Quy*, *supra*. An application for a writ of *habeas corpus*, for discharge from conviction and imprisonment under a void law, is like moving for dismissal for want of jurisdiction over the subject matter, which can be made at any stage of

the proceedings, and even for the first time in the appellate court. *Allen v. Scharringhausen*, 8 Mo. App. 229 ; *Haggard v. Railroad*, 63 Mo. 302 ; *Ferguson v. Crawford*, 70 N. Y. 257.

James C. McGinnes, for the respondent : Admit this proceeding, and then every person charged with committing an offence of every kind and description whatsoever, instead of standing his trial and litigating the matter as the law directs, can come here and ask the advice of the court as to the validity of the law under which he is arraigned. Such a precedent can not be established, and the legislature clearly saw the impolicy of the proceeding when it placed a prohibition upon it. *In re Harris*, 47 Mo. 164, following *Stoner v. The State*, 4 Mo. 614, and *Ex parte Toney*, 661. A long line of decisions in other states affirm the same doctrine. See 6 Iowa 79 ; 12 *Id.* 208 ; 22 Kan. 477 ; 30 Kan. 753 ; 32 Kan. 668 ; 28 La. Ann. 82 ; 1 Gray (Mass.) 50 ; 27 Mich. 1 ; 30 Mich. 502 ; 104 Ill. 156 ; 2 Abb. Pr. 84 ; 2 Parker Cr. R. 650 ; 5 Hill 164 ; 4 Barb. 131 ; 11 How. Pr. 418 ; 65 *Id.* 119 ; 1 N. Y. Cr. R. 1 ; 66 N. Y. App. 8 ; 34 How. Pr. 259 ; 7 Ohio St. 81 ; 8 *Id.* 599 ; 25 *Id.* 426 ; 11 Abb. Pr. 56 ; Church on *Habeas Corpus*, Par. 233-342.

Thompson, J., delivered the opinion of the court.

The petitioner was convicted in the police court of the city of St. Louis, of the offence of maintaining a cow stable and convenience for dairy purposes in a certain block of the city, without first having obtained the consent in writing of a majority of the owners of property in the block, as required by an ordinance of the city, and was adjudged to pay a fine of fifty dollars. The city marshal, having found no property on which to levy an execution for the fine, and the petitioner having pointed out none, has taken his body for the purpose of committing him to the work house in execution. To be discharged from this custody, the petitioner has sued out

the present writ of *habeas corpus* in this court. The only ground on which he claims his discharge is the invalidity of the ordinance under which he was convicted. The ground on which the ordinance is challenged is the same ground which was set up in the case of *The State ex rel. v. Beattie* (16 Mo App. 131), namely, that the ordinance prohibited the carrying on of a lawful trade within the city, except upon the condition that the consent of a given number or proportion of the property owners within the block in which such trade should be located should first be obtained. The importance of the question thus raised is obvious, and the difficulties surrounding its solution appear from the fact, that in that case the court was divided in opinion with reference to it. Whether a majority of the court, as now constituted, would uphold the decision which was rendered in that case, need not be stated ; because we are of opinion, on the authority of *Ex parte Bowler* (16 Mo. App. 14), that it would be an abuse of the writ of *habeas corpus* to decide such a question in this case. In that case it was held, after very full consideration, that this court would not discharge on *habeas corpus* a person arrested for the violation of a city ordinance, on the ground that the ordinance was unconstitutional and void. In other words, we were of opinion that the fact that the law which creates the crime for which the prisoner is held to answer, may be invalid, is not a matter which goes to the jurisdiction of the court either in respect of matter, place, sum, or person within the meaning of section 2650, Revised Statutes. The only distinctions between that case and this are, that in that case the discharge of the prisoner was sought before trial and conviction, while in this it is sought after trial and conviction ; and that in that case the validity of the ordinance was challenged on the ground of being in conflict with the constitution of the United States and that of the state of Missouri, while in this case it is challenged on the ground of being in excess of the power conferred by the charter of the city. Neither of these distinctions creates

any difference in principle. If the fact that the ordinance is void for any reason goes to the jurisdiction of the police court and of the city marshal, the jurisdiction is wanting as well after as before conviction; and if the invalidity of the ordinance deprives the court and marshal of jurisdiction, it can make no difference from what source the invalidity springs, whether because in conflict with the constitution of the United States, the constitution of the state of Missouri, or the charter of the city ; for in either case its invalidity would spring from the fact of its being in conflict with, or unauthorized by, a law paramount to it, and it would in either case be *ultra vires* and void for substantially the same reason.

Unless, then, we are prepared to overrule *Ex parte Bowler*, we must hold that the petitioner is not entitled to relief in this proceeding. We are not prepared to overrule that case, and the able opinion written by Judge Bakewell in that case relieves us of the necessity of restating, at much length, our reasons for this conclusion. We do not place our decision upon want of jurisdiction to pass upon constitutional questions in proceedings by *habeas corpus*. Undoubtedly we have such jurisdiction, considering the word jurisdiction in the mere sense of judicial power. Every court has, and must have, such jurisdiction ; and in many such proceedings the exigency of the case may be such as to require its exercise. The law under which the prisoner is held may be placed before the eyes of the judge side by side with the constitution, and he may be obliged to choose between the two and to say upon the obligation of his official oath that the law conflicts with the constitution, and hence is invalid. We do not question the decision of the Kansas City Court of Appeals in *Ex Parte McDonald* (19 Mo. App. 370), in so far as it holds that we have such a jurisdiction. We place our decision upon the obvious impropriety of exercising such a jurisdiction in such a case as the present. We content ourselves with stating the general rule, that the writ of *habeas corpus*, where used, as in

this state, as an original writ, does not perform the office of a writ of error.     The decisions of the Supreme Court of the United States in *Ex parte Siebold* (100 U. S. 371), and other recent cases to the contrary, do not impugn this principle, because the writ is used in that court professedly in the exercise of its appellate jurisdiction, it having no original jurisdiction, with two or three limited exceptions.

But this case could not come to us in the regular exercise of our appellate jurisdiction, because the city of St. Louis, which is a municipal sub-division of the state, within the meaning of the constitutional provision conferring and regulating our jurisdiction, is a party. An appeal from the police court would regularly lie to the court of criminal correction, and from that court to the supreme court ; and such appeals might have been prosecuted by the petitioner in this case.

If, then, we were to enter upon the examination of the question upon which we are asked to discharge this prisoner, we should decide under the exigency of a writ, the hearing of which is required by the statute to be both speedy and summary ; a question of great importance and difficulty, which we have no jurisdiction to decide as a court of appeals.     Our decision would not be subject to review, and if we should decide the question against the city; we should decide as a finality a question, the final decision of which, in the ordinary course of justice, is vested in the supreme court alone.     But our decision would side-track the case, so to speak, and prevent it from getting to the supreme court.     The very fact that in this state of the law relating to the writ of *habeas corpus*, we have jurisdiction to render such a decision, is the reason why the jurisdiction should not be exercised. If we should decide this question against the city and erroneously, our order discharging the prisoner would be a final adjudication in his favor in the particular case. He could not be re-arrested under the same judgment, and no judicial power could call our power to account.

*Ex parte Jilz*, 64 Mo. 205. If we were to lend ourselves to the exercise of such a jurisdiction, we could arrest every case of felony within this district on its way from the circuit or criminal court to the supreme court, in which a constitutional question could be raised, and in every case where we might deem the constitutional objection well taken, we could discharge the prisoner and prevent the supreme court from considering the question In this way we should exercise a jurisdiction which the constitution does not vest in us as a court of appeals, and should deprive the supreme court of the exercise of a portion of its jurisdiction in its highest point.

The fact that the supreme court may exercise such a jurisdiction, furnishes no reason why we should exercise it; because that court has exclusive jurisdiction as a court of appeals to decide constitutional questions; the constitution has made it the sole tribunal for the final decision of such questions; and, hence, if it choose in original proceedings by *habeas corpus* to exercise such a jurisdiction, no great confusion or inconvenience results. But the exercise of such a jurisdiction by a limited appellate court, possessing the narrow jurisdiction which we possess, would degrade this most beneficial writ from its true office of furnishing a speedy and summary relief to persons held in custody in plain cases of illegality or want of jurisdiction. Thus used, the writ would not deserve the pre-eminent title of the "Writ of Liberty," but would rather deserve to be called the "Writ of Anarchy." Such a use of it we decline to make.

It is the order that the petitioner be remanded to custody. All the judges concur.