*Ex parte* OLDEN, CRAMER AND BAKER.

**St. Louis Court of Appeals, May 21, 1889.**

1. **Jurisdiction of this Court.** While this court has the right to determine constitutional questions in cases in which it has original jurisdiction, the exercise of this right is inadvisable. (*Ex parte Boenninghausen*, 21 Mo. App. 267, *affirmed.*)

2. ———. A constitutional question is involved, when it fairly arises on the record of a cause, and is not a mere sham.

3. **Practice, Criminal:** VERIFICATION OF AN INFORMATION. The verification of an information is sufficient, though not made by the prosecuting attorney, and though made upon the best knowledge and belief of the affiant.

*Thomas B. Harvey,* for the petitioners.

The verification was not sufficient. The state constitution inhibits the seizure of any person upon warrant not "supported by oath or affirmation reduced to writing." Section 1762, Revised Statutes, permits the prosecuting attorney to verify informations upon "information and belief." The Session Acts of 1885, page 145, provide in reference to filing informations before justices of the peace, but do not modify the verification required by section 1762, nor do they attempt in any way to prescribe the character of verification. Section 19, Revised Statutes, page 1514, attempts to authorize a prosecution in the St. Louis court of criminal correction upon an information filed by the prosecuting attorney without oath, or by any person upon oath that "he believes it to be true." This court has held in a number of cases that, under the aforesaid special statute, verifications of the character of the one under consideration were sufficient and legal. *State v. Zeppenfeld,* 12 Mo. App. 574; *State v. Fitzporter,* 17 Mo. App. 271; *State v. Kaub,* 19 Mo. App. 149. In the recent case of the *State v. Bennett,* reported in Southwestern Reporter under date of April 22, 1889, page 264, our supreme

court holds that said special law is in conflict with the general law of the state and must fall before it; and that an information in the court of criminal correction must be verified as in other parts of the state. The verification of the Bennett information is identical with the one at bar. The St. Louis court of criminal correction is of inferior jurisdiction and purely a creature of the statute ( 2 R. S., p. 1510 ), and can only acquire and exercise its jurisdiction in the manner prescribed by statute. Hurd Hab. Corp., sec. 3, pp. 360, 361; Church, Hab. Corp., secs. 278, 285, 268, 358 ; *State v. St. Louis*, 1 Mo. App. 402 ; *Jefferson Co. v. Cowan*, 54 Mo. 234; *Gibson v. Vaughn*, 61 Mo. 418 ; *Haggard v. Railroad*, 63 Mo. 302; *Ex parte Thomas*, 10 Mo. App. 24. And if the law requires the warrant to be supported by oath, that must appear on its face before the court has jurisdiction. Church, Hab. Corp., sec. 285, p. 364, and citations. Also *Ex parte Burford*, 3 Cranch, p. 448; *Stout v. Utah*, 80 U. S. 513; Church, Hab. Corp., sec. 223; *City of Kansas v. Flanagin*, 69 Mo. 34; *Ex parte Holdowell*, 74 Mo. 402 ; *Ex parte Thomas*, 10 Mo. App. 24. Jurisdiction is always an open question, and one imprisoned by a court without it can always be relieved by *habeas corpus*. Church, Hab. Corp., sec. 222, and 240; R. S., sec. 2650; *Ex parte Bethurum*, 66 Mo. 545; *Ex parte Slater*, 72 Mo. 102; *Ex parte Crenshaw*, 80 Mo. 447; *Ex parte Boenninghausen*, 91 Mo. 301. This court would have appellate jurisdiction of the case of petitioners, and therefore the objections to disposing of the question by *habeas corpus* do not apply as in the *Boenninghausen case*. *Ex parte Boenninghausen*, 21 Mo. App. 267; *Ex parte Siebold*, 100 U. S. 371.

*J. R. Claiborne* and *Ford Smith*, for the respondent.

(1) The statute points out no particular form of verification. It simply says that the information shall

be "supported by the affidavit." The theory of petitioners then is that there is no affidavit supporting this information. But this position is not tenable. Here the ordinary and usual form of an affidavit is used; the form which has been used from time immemorial, which has always been used in Missouri both in civil and criminal practice. It is a form which has been expressly upheld by this court, and has never been declared insufficient by the supreme court. The affidavit in the *Hayward* case was upon "information and belief, and the information on which the *Bennett* case was decided does not appear to have been verified at all. For the authority in the *Bennett* case is the opinion; and not promiscuous papers brought in by petitioners' counsel. The words "according to his best knowledge and belief" do not weaken it in the least. They do not raise the slightest doubt as to the affiant's knowledge in the premises, or that he makes the affidavit upon knowledge. On the contrary they state that the affiant has knowledge, and that he makes the affidavit upon that knowledge, and not upon information. (2) A court will not discharge a prisoner on a writ of *habeas corpus*, for error which can be reached by writ of error or appeal. *In the matter of Toney*, 11 Mo. Mo. 661; *Ex parte Rithven*, 17 Mo. 541; *In re Truman*, 44 Mo. 181; *In re Harris*, 47 Mo. 164; *Ex parte Boenninghausen*, 91 Mo. 301; s. c., 21 Mo. App. 256; *Ex parte Snyder*, 29 Mo. App. 256; *Platt v. Harrison*, 6 Iowa, 79; *In re Mary Eaton*, 27 Mich. 1. Courts will not permit the writ of *habeas corpus* to perform the function of a writ of error. The statute expressly prohibits the discharge of a prisoner detained in custody by virtue of the final judgment of any competent court. R. S., sec. 2648.

ROMBAUER, P. J., delivered the opinion of the court.

The petitioners were convicted of petit larceny in the St. Louis court of criminal correction, and sentenced

to imprisonment in the city workhouse for the term of six months. While in the transient custody of the sheriff, they sued out this writ against that officer, claiming that the court, before which they had been tried, had no jurisdiction, and that they are illegally restrained of their liberty. The sheriff made return purporting to show that they were convicted upon information duly filed and verified, and that the trial court had full jurisdiction in the premises. The entire controversy turns upon the sufficiency of the verification.

The information is filed by the assistant prosecuting attorney of the St. Louis court of criminal correction, and is verified by one Barber only, who "upon his oath says that the facts stated in the above information are true, according to his best knowledge and belief." The point made by the petitioners is that the addition of the words, "according to his best knowledge and belief," renders the verification equivalent to one upon information merely; that under the constitution of this state, the information must be supported by oath or affirmation, and under Revised Statutes, section 1762, that oath or information, "unless made by the prosecuting attorney," cannot be upon information and belief.

We issued the writ in the first instance, because the petitioners made a *prima facie* showing under the *habeas corpus* act. We did so in *Ex parte Boenninghausen*, 21 Mo. App. 267. For the reasons fully stated in that case we must decline to pass on the merits of this application.

Under the constitution of this state, the supreme court has exclusive appellate jurisdiction of all questions involving the construction of the constitution of the United States, or of this state, and, while we have the power to determine constitutional questions in cases wherein this court has original jurisdiction, we have fully shown the inadvisability of so doing in *Ex parte Boenninghausen, supra*. The only difference between

that case and the present is that in this case the prisoners' appeal would *prima facie* lie to this court, while in the *Boenninghausen* case it would have lain to the supreme court; that fact, however, is immaterial, in view of the further fact, that this case, like the *Boenninghausen* case, involves constitutional questions of which the supreme court has exclusive appellate jurisdiction.

In determining the meaning of the phrase "involving the construction of the constitution" as affecting the jurisdiction of this court, we have repeatedly held that, in order to oust this court of its appellate jurisdiction, the constitutional question should be one which is at least fairly debatable. In the recent case of *State ex rel. Campbell v. St. Louis Court of Appeals*, the supreme court, 97 Mo. 276, disapproved of this definition, holding that this court is ousted of its appellate jurisdiction when the constitutional question is one fairly raised on the record and is not a mere sham. Accepting that definition as conclusive, we must hold that we would have no appellate jurisdiction in this case, as the constitutional questions arising upon the record cannot be designated as mere shams, in view of the fact that the supreme court and this court have arrived at different conclusions touching their merits. *State v. Zeppenfeld*, 12 Mo. App. 574; *State v. Fitzporter*, 17 Mo. App. 271; *State v. Kaub*, 19 Mo. App. 149 ; *State v. Clarke*, 54 Mo. 17; *State v. DeBar*, 58 Mo. 395 ; *State v. Hayes*, 81 Mo. 574; *State v. Bennett*, decided March 18, 1889, and not yet reported. ( 11 S. W. Rep. 264. )

It thus appears that if we are to abide by our rulings in the *Boenninghausen case*, we must decline passing on the merits of this application, and remit the petitioners to the jurisdiction of a court which has general original jurisdiction, or exclusive appellate jurisdiction of constitutional questions.

Having said this, we might stop. As, however, the writ of *habeas corpus* is a writ of liberty, we do not

desire to be placed in the position of having denied its benefit to a prisoner in any case, where his right is clear, and we have the power to entertain jurisdiction, on the sole ground of the questionable propriety of our so entertaining it.   We are therefore justified to add that we are inclined to hold that the result would be the same, if we undertook to pass upon the case upon its merits.   The oath of the affiant is that the information is true.   The affidavit does not purport to be based upon the information of the witness, which may be mere hearsay, but upon his best knowledge and belief.   We cannot see how the mere addition of the words, "to the best of his knowledge and belief," is in any way indicative of the fact that the affiant has no knowledge on the subject.   The statute does not prescribe the form of the oath, but simply provides it shall be the oath of some person competent to testify, who has knowledge of the facts stated in the charge, as distinguished from mere hearsay information.   It will be noticed that these informations not only state the doing of certain acts, but the intent with which the act was done, and that such intent was felonious under the statute, on which latter subjects the utmost that can be required of any witness is an honest belief.   If the oath to these informations is to be made in a form, which constitutes the affiant a warrantor of the truth of all the facts therein stated, prosecutions by information might better at once be abandoned.   While on the one hand a citizen should not be deprived of his liberty on a mere rumor, which may have no more foundation than neighborhood talk, on the other hand the prosecution of criminals should not be made impracticable, or next to impossible.   The protection of the law should be accessible alike to the alleged criminal and the alleged victim.

We have examined the manuscript opinion of the supreme court in *State v. Bennett, supra,* but find nothing therein which is opposed to the views herein expressed.   The information in that case is fully set out

in the opinion, and does not purport to be verified by any one. That the original record in the case shows that the information was verified in a manner similar to the informations complained of in this case can make no difference, since the supreme court could pass only on the record as it appeared by the transcript before it, and not on the original record which it presumably never saw.

It results from the foregoing that the prisoners must be remanded to the custody of the sheriff. All the judges concurring, it is so ordered.