THE STATE OF MISSOURI to the use of J. L. ISAACS
WALL-PAPER COMPANY, Appellant, v. WILLIAM
BARR DRY-GOODS COMPANY, Respondent.

St. Louis Court of Appeals, May 5, 1891.

1. **Res Adjudicata.** A made a mortgage to B to secure two debts,
one to B and the other to C. Thereafter C levied upon the mort-
gaged property, and, in defense to an action by B therefor, pleaded
that the mortgage was fraudulent as to creditors. Subsequently A
instituted an action in equity against B, seeking to have the mort-
gage canceled for fraud in the procurance of it, and C was made a

party thereto on B's motion, and participated in the trial, which resulted in a judgment in favor of B. *Held,* that this judgment did not conclude or estop C as to his defense in the other action, the ground of decision being, that the equity suit had been instituted by A, who could not allege his own fraud, and that, therefore, C also was unable to allege in it that the [mortgage was fraudulent as to creditors.

2. **Instructions:** FRAUDULENT CONVEYANCES. An instruction in this case, which involved the validity of a preference given by an insolvent debtor to a creditor, told the jury that the preference was invalid if made with the intent on the part of both the debtor and preferred creditor to defraud, hinder or delay other ,creditors. *Held,* that whatever error there was in this instruction was cured by another instruction, which stated to the jury that the preferred creditor had the right to take the preference for the purpose of securing his claim.

3. ———— : ————. In this case the preferred creditor requested an instruction to the effect, that the preference was valid, if made with the intention to secure the preferred debt. The court interlined the word only, so that the instruction declared that the preference was valid, if made with said intention only. *Held,* that this interlineation did not materially change the sense of the instruction.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Collins & Jamison* and *David Goldsmith,* for appellant.

*W. C. Marshall,* for respondent.

ROMBAUER, P. J.—Mrs. Kingsbury executed a chattel mortgage on her household goods January 13, 1888. The mortgage secured two promissory notes of even date for $285 and $875, respectively, and payable one day after date to the order of the wall-paper company, who is plaintiff in this suit. The instrument provided that the mortgagor might remain in possession of the property until default, and that, in case of default and foreclosure by sale, the $285 note should first be paid out

of the proceeds and the other note next. The smaller note represented an indebtedness of Mrs. Kingsbury to the plaintiff, and the larger an indebtedness to the defendant herein. The defendant learning of this mortgage attached the property on the fourteenth of January, before the maturity of the notes, and before default in any of the conditions of the mortgage. The plaintiff thereupon on the nineteenth of January, and after default, claimed the property from the sheriff under the sheriff and marshal act, specially applicable to the city of St. Louis (Acts, 1855, p. 464), such claim being made as a mortgagee and holder of the $285 note, and the defendant gave the indemnity bond upon which the present action is brought. Upon trial of the cause before a jury the defendant obtained a verdict and judgment, from which the plaintiff prosecutes this appeal. The errors assigned are that the court rejected proper evidence offered by plaintiff, and erroneously instructed the jury.

The first error assigned arises in this wise: The present action, which, as above seen, is a suit on the indemnity bond given by defendant, was instituted in March, 1888. The defendant's answer which sets up as a defense the fact that the mortgage, under which the plaintiff claims, was executed by Mrs. Kingsbury for the purpose of hindering, delaying or defrauding her creditors, and that the plaintiff participated in the fraud, was filed a few days thereafter. Nearly two years after the institution of this action Mrs. Kingsbury filed her bill in equity against the plaintiff praying for a cancellation of the mortgage and notes, on the ground that she was induced to execute them upon the fraudulent representation of the plaintiff herein ; that the mortgage was to have been drawn so as to secure her two creditors, the wall-paper company and dry-goods company, ratably, while in fact, as drawn, it secured the wall-paper company in preference of the other company. This equity suit was called for trial in February, 1890. Upon

the trial of that cause the defendant objected to the introduction of any evidence, on the ground that the dry-goods company was a necessary party plaintiff. The court thereupon ordered the dry-goods company to be made party plaintiff, which was done, The dry-goods company took part in the trial of that cause, which resulted in a decree in favor of the defendant therein, who is plaintiff in the present action.

Upon the trial of the present action the plaintiff offered the record in the equity suit as evidence of *res judicata*, and hence of a bar to the present action. The court rejected the offer, and the plaintiff excepted and still excepts.

The plaintiff is right in contending that the fact, that the issues in both cases are not the same, is not decisive of the question whether one recovery is a bar to the other; nor is the fact decisive, which of the two actions was brought first; nor is the fact decisive that the theory of the two actions is inconsistent; that is, that the fraud claimed in the equity suit, and the fraud now claimed, could not have been asserted in the same action by the present defendant. We hold the law to be settled that a party, proceeding to vacate an instrument, must assert in one action all the grounds he has for so doing, and, where the grounds are inconsistent, he is driven to his election, and is concluded by the election once made. *Bell v. McColloch*, 31 Ohio St. 397; *Washburn v. Ins. Co.*, 114 Mass. 175; *Steinbach v. Ins. Co.*, 77 N. Y. 498; *Thomas v. Joslin*, 36 Minn. 1. We have, therefore, no hesitation in saying that, if the dry-goods company had been the sole plaintiff in the equity suit, the decree rendered therein in favor of the defendant would have been a complete bar to the defense attempted to be made in the present proceeding. What takes this case out of the rule thus stated is the fact, that the issue now presented could not have been made in the equity suit. That suit was one brought at first by Mrs. Kingsbury alone. The dry-goods company

was subsequently made a party plaintiff on the ground, that the equity asserted was one in which Mrs. Kingsbury and the dry-goods company had a joint interest. The equity asserted in the present suit could indeed have been asserted by the dry-goods company in the former suit, but could not possibly have been asserted jointly with Mrs. Kingsbury, since she could not have set up her own fraud for the purpose of avoiding the mortgage. We conclude, therefore, that the court did not err in rejecting the record in the equity suit as evidence of former recovery.

Before proceeding to the consideration of the instructions, a brief reference to the evidence is essential. At the date of the execution of the mortgage Mrs. Kingsbury was largely indebted, and in fact insolvent. She kept a boarding-house, and the persons who had sold the furniture to her were secured by mortgages. The wall-paper company had papered the house and supplied it with wood carpets, and the dry-goods company had supplied it with linens of all sorts, and both were unsecured. She owed about $900 for rent, and owed butcher and baker bills, and other bills for incidental supplies. She was called as a witness for the defendant, and stated that she executed this mortgage upon the advice of the plaintiff's attorney, who told her that it would protect her of being crowded by other people; that she had no intention of hindering or delaying any of her creditors, or of defrauding anybody.

The plaintiff's vice-president, who caused her to execute the mortgage, testified on cross-examination as follows:

"*Q.* Knowing that she was in trouble, and that other persons were crowding her, and that a suit was brought against her for rent and for possession, you took her down to your attorney, and had this mortgage drawn? *A.* No, sir; I had no such intention.

"*Q.* At the time you took her down there what were you taking her there for? *A.* The intention was

to see what could be done in regard to staving off other creditors."

The error assigned on the instructions is claimed on the following charge to the jury: "1. The court instructs the jury that the J. L. Isaacs Wall-Paper Company had the right to take the chattel mortgage read in evidence for the purpose of securing its claim against Mrs. Kingsbury, notwithstanding that said mortgage included all the property of Mrs. Kingsbury, and, also, notwithstanding that a portion of the property conveyed by said mortgage had been purchased by her from the William Barr Dry-Goods Company, and was still unpaid for.

"2. If the jury believe from the evidence that the J. L. Isaacs Wall-Paper Company took the chattel mortgage read in evidence with the intention *only* to thereby secure, *first*, the payment of its own claim against Sarah F. Kingsbury, and, *next*, the claim of the William Barr Dry-Goods Company against Mrs. Kingsbury, in so far as the property mortgaged was sufficient for that purpose, then the jury are in duty bound to find from the evidence that the said chattel mortgage was not fraudulent as to the creditors of Mrs. Kingsbury, and must accordingly find for the plaintiff.

"3. The court instructs the jury that, if they believe from the evidence that the J. L. Isaacs Wall-Paper Company took the chattel mortgage read in evidence, with the intention *only* of enforcing the same according to its terms, then the jury will find for the plaintiff.

"4. If the jury believe from the evidence that the mortgage made by Mrs. Kingsbury to the J. L. Isaacs Wall-Paper Company, dated January 13, 1888, was made by her in pursuance of an arrangement and understanding between her and the J. L. Isaacs Wall-Paper Company, for the purpose and with the intent on her part, and on the part of said J. L. Isaacs Wall-Paper Company, to hinder, delay or defraud the creditors of

Mrs. Kingsbury in the collection of their claims, then said mortgage is fraudulent and void, and their verdict must be for the defendant.

"5. The court instructs the jury that all of these instructions are to be taken together and considered by you as forming one whole instruction."

Complaint is made of instruction, numbered 4, and it is claimed that it is opposed to the ruling of this court in *St. Louis Coffin Co. v. Rubelman*, 15 Mo. App. 280. In that case Judge BAKEWELL, speaking for the court, condemned a similar instruction as likely to mislead the jury, in so far as it fails to draw a distinction between the intent, which is the necessary ingredient of every preference, and that fraudulent intent which goes beyond that, and does not make the securing of a preference, with its incidental result of working a delay to other creditors, the only object of the transaction, but makes the latter, so to speak, incidental to the object of hindering creditors. That case was one of great hardship, and purports to be decided on the authority of *State to use v. Laurie*, 1 Mo. App. 371, although the instruction condemned in the *Laurie case* was a totally different instruction. Whatever objection might be made to this instruction unexplained, we cannot conceive how, taken in connection with the first instruction given by the court, it could have misled the jury, or how the instructions, taken together, did not fully advise them of the distinction between the lawful intent to postpone other creditors by a preference, and that fraudulent intent which makes the preference a mere device for the purpose of staving off creditors.

The second and third instructions were asked and given upon the request of the plaintiff, with the exception of the word only, which is placed in italics above, and which the court inserted against the plaintiff's objection. The insertion of the word only did not materially change the sense of the instructions, nor can it be claimed that the insertion of that word shifted the

burden as to the lawfulness of the intent, since the first instruction advised the jury in effect that the incidental intent to delay was no bar to a recovery.

We see no error in the instructions, and, while we are free to confess that the verdict is one against the weight of the evidence, we cannot substitute our finding for that of the jury, under the guise that they must have been misled by instructions which are free from error.

All the judges concurring, the judgment is affirmed.