STATE OF MISSOURI, Respondent, v. EMANUEL .
HOFFMANN, Appellant.

St. Louis Court of 'Appeals, May 10, 1898.

1. **Practice, Appellate :** MOTION FOR NEW TRIAL AND IN ARREST OF
JUDGMENT: RECORD PROPER. Where a bill of exceptions fails to show
that there was either a motion for a new trial or in arrest of judgment
the appellate court will be confined, in reviewing the case, to ques-
tions arising on the record proper.

2. **Criminal Practice :** JUSTICE'S COURT: INFORMATION: AFFIDAVIT.
Each count in an information must be supported by affidavit, and an
affidavit although indefinite may be sufficient to sustain an informa-
tion.

3. **Criminal Practice :** JUSTICE'S COURT: CHANGE OF VENUE.
Where a criminal prosecution is begun before a justice of the peace
in a township, and the defendant applies for a change of venue, and
the case is sent to another justice before whom the defendant volun-
tarily appears, and without objection engages in the trial of the case,
the defendant is bound by the proceedings, even though it be con-
ceded that there was another justice in said township.

4. ——: ——: ——: STATUTORY CONSTRUCTION. Under the
circumstances in the case at bar, it was not necessary for the tran-
script of the proceeding of the justice who granted the change of
venue to affirmatively show that the justice to whom the case was
sent was the *nearest* justice as required by Session Acts 1891, page 121.

*Appeal from the Washington Circuit Court.*—HON.
JAMES F. GREEN, Judge.

AFFIRMED.

R. L. McLAREN and F. R. DEARING for appellant.

A justice of the peace has special and limited
jurisdiction, depending entirely upon statutory law,
and the justice must proceed in all cases in the mode

prescribed by the statute, and nothing will be presumed in favor of the jurisdiction of such a court, but, on the contrary, its jurisdiction must always appear affirmaatively upon the face of its proceedings.   L. B. True was a justice of the peace for Valle township, and sent this case to P. C. Zollman, a justice of the peace for Valle township.   In what county?   Was P. C. Zollman the nearest justice in said township.   State v. Metzger, 26 Mo. 65; 89 Mo. 80; 43 Mo. 460.   The defendant purchased the farm without any reservation as to the ground occupied as a graveyard.   His right to use it and enjoy it for his own purposes could not be limited without his consent or without a reasonable compensation.   The statute on which this prosecution is based should not be given such a construction as would limit the exercise of a vested right.   The meaning and application of section 3846 should be restricted to cemeteries established as provided by statutory enactment, in sections 933 and 934, Revised Statutes of Missouri.   The information is insufficient.   The prosecution was originally brought in the justice's court on an affidavit filed in accordance with section 4328 Revised Statutes 1889.   Another affidavit, presumably an amended one, was subsequently filed by the same person.   The prosecuting attorney filed two informations based on these affidavits   The last information filed, which was presumably an amended one, and on which the case went to trial, contained two specific counts: The first one charged appellant with disfiguring and injuring a certain tombstone; and the second count (on which alone the defendant was convicted) charged that he did "unlawfully and willfully use a certain burial ground  *  *  *  for purposes other than a burial ground, by then and there plowing therein and converting said burial ground into a cultivated field, against the peace and dignity

of the state." An examination of the affidavits discloses no foundation for the charge in the second count. It was held in a case decided in this court, State v. Grubb, 71 Mo. App. 214, that when the prosecuting attorney in a prosecution commenced in a justice court chooses to base an information upon the sworn statement of another, such statement must show the offense charged; and an amendment made by the prosecuting attorney, the information being still based upon the affidavit, will not cure the defect. Had the appellant been convicted under the first count, the verdict would have been good, as the gist of that count was set forth in the affidavit, but there is nothing in the affidavit on which to base the second count of the information, and, consequently, no conviction could be had thereon. This being a material error in a criminal case, apparent on the face of the record, the appellate court will take cognizance thereof, although the point was not raised heretofore. R. S. 1889, sec. 4297; McWaters v. State, 10 Mo. 167; State v. Lawler, 130 Mo. 366; State v. Stowe, 132 Mo. 199; State v. Watkins, 25 Mo. App. 21.

J. G. WILLIAMS and E. J. BEAN for respondent.

The information is sufficient. It charges the offense in the language of the statute defining the offense. R. S. 1889, sec. 3846; State v. Burr, 81 Mo. 108; State v. Adams, 108 Mo. 208. There is no merit in the claim that it does not appear that Zollman, to whom the case was sent on change of venue, was the nearest justice. Defendant went there and submitted to a trial. It appears that Zollman was a justice of the peace for Valle township, Jefferson county, Missouri. State v. Blakely, 83 Mo. 359; State v. Plummer, 55 Mo. App. 359. Appellant insists that only

such burial grounds as are dedicated in the manner prescribed in sections 933 and 934 of Revised Statutes of 1889, comes within the meaning of the words cemetery, graveyard or burial ground as used in section 3846, of Statutes of 1889. Such a limited construction is not possible for the reason that the legislature enacted section 3846 in 1855. See R. S. 1855, p. 626, sec. 15. Section 987, of Revised Statutes of Missouri 1889, was passed at the same time. (See R. S. 1855, p. 331, sec. 1). And at a later time, in 1857, sections 933 and 934 of Revised Statutes of 1889 were enacted. (See Sess. Acts, 1856-57, p. 41, and Sess. Acts, 1858-59, p. 27. Sections 3846 and 937 of Revised Statutes of Missouri 1889, were enacted at the same time and certainly contemplate and provide for the protection of graves, which constitute a graveyard or burial ground, and which would not, in the general acceptance of the term, constitute a cemetery. These statutes provide for the protection of property that has not been set apart as a burial ground, where it has been used as a burial ground for ten years, and whether or not there be a plat or deed, it is entitled to the protection of the law as any other burial ground. Appellant can not complain of introduction of evidence by the state as no exceptions were saved thereto. Appellant can not complain of the instructions as no exceptions were saved to the giving or refusal to give instructions. Counsel for the state did not state in his opening statement that defendant had been formerly convicted.

BIGGS, J.—The defendant was arrested, tried and convicted, before a justice of the peace upon an information drawn under section 3846 of the Revised Statutes of 1889; and charging him with destroying or injuring a tombstone within a certain cemetery or

graveyard, and also with using the ground of the cemetery for purpose other than a burying ground, to wit, plowing it up for the purpose of cultivation. On a trial *de novo* in the circuit court the defendant was convicted of plowing up the graveyard and acquitted of the other charge. A fine of $600 was imposed. He has appealed to this court.

There is a bill of exceptions in the case, but it does not appear that there was either a motion for a new trial or in arrest of judgment, hence in reviewing the case we are confined to questions arising on the record proper. The information contains two counts or makes two specific charges. It is suggested by counsel for defendant that the affidavit of the prosecuting witness and upon which the information is based, makes but one charge, to wit, destroying or injuring a tombstone, etc., and that as the defendant was acquitted of that charge, his conviction of the other can not be upheld. Counsel are mistaken as to the true condition of the record. The first affidavit was filed April 1, 1895. It charged that the defendant destroyed the tombstones and trees in the cemetery (without describing it), and it also charged that the defendant "*used the cemetery for other purposes than a burial ground.*" Afterward and before the information was filed the prosecuting witness filed an additional affidavit, which contains a definite description of the ground embraced in the cemetery, and it also states more definitely the particular acts of defendant in the destruction of the tombstones, trees, etc. It, however, makes no mention of the other charge. It, therefore, appears that the information, as to both offenses, is supported by affidavits. The first affidavit is indefinite, but it is sufficient to sustain the information. State v. Grubb, 71 Mo.

App. 214; State v. Cornell, 45 Mo. App. 96. The assignment will therefore be overruled.

The statute governing criminal procedure before justices of the peace provides that in changes of venue the justice before whom the application is made must award the change "to the next *nearest* justice in the township, if there be one." (Sess. Acts 1891, p. 121.) This prosecution was begun before L. B. True, a justice of the peace in Valle township in Jefferson county. An application was made by the defendant for a change of venue of the cause on account of the prejudice of True.

True sent the case to P. C. Zollman, another justice of the same township. It is now urged by the defendant that his conviction can not stand, for the reason that the transcript of the proceedings before True does not affirmatively show that Zollman was the *nearest* justice to True. The administration of the criminal law is hedged in and embarrassed by many technical rules and precedents, but it is believed that no case can be found to support the present contention. It is conceded that the prosecution was properly begun before True, and that the defendant was apprehended under valid process.

He appeared before True and applied for a change of venue. The case was sent to Zollman, before whom he voluntarily appeared, and without objection engaged in a trial. Under these circumstances the contention of defendant seems to us to be unreasonable, even though it be conceded that there was another justice in Valle township.

As there is no error in the record proper, the judgment of the circuit court will be affirmed. All the judges concur.