19 593
71 218

**J. W. DONOVAN, Plaintiff in Error, v. WILLIAM SALLEE ET AL, Defendants in Error.**

Kansas City Court of Appeals, December 7, 1885.

1. ACTION FOR PENALTY—FAILURE OF PROOF—CASE ADJUDGED.— Where an action is brought for the penalty of five dollars, imposed by section 3922, Revised Statutes, for throwing down gates, or fences, and leaving them down, other than those leading into one's own enclosure, there was no evidence whatever tending to show that defendants left the fence down. *Held*, that it was incumbent upon the plaintiff, under the statute, to show this, and on account of the to-.tal failure of such evidence, the court properly refused to find for plaintiff, and rendered judgment for defendants.

ERROR to Cass Circuit Court, HON . NOAH M. GIVAN, Judge.

*Affirmed.*

·Statement of case by the court.
This action was begun before a justice of the peace.

The statement contained two counts, the first of which was abandoned by plaintiff in the justice's court. From a judgment in favor of plaintiff by the justice, the defendants appealed to the circuit court. The second count of the statement is as follows:

"Plaintiff states as a further cause of action, that on the fifth day of April, 1882, he was in lawful possession of the farm usually known as the Marshall farm, the same being one hundred and twenty acres off of south end of lot six, in township forty-five, range twenty-nine, in Index township, Cass county, Missouri. That defendants threw down and opened, and left open, the fences surrounding said enclosed farm, wherefore plaintiff asks judgment against each of said defendants in the sum of five dollars, with costs."

The plaintiff asked and the court refused to give the following declaration of law:

"Under the evidence adduced at the trial of this cause, it is the duty of the court to find for the plaintiff, in such sum as the court may believe from the evidence plaintiff has sustained by reason of the acts of trespass complained of, not exceeding the amount mentioned and sued for in the pleadings."

No other declarations of law were asked by either plaintiff or defendants. The court gave no declaration of law of its own motion. The case having been submitted to the court sitting as a jury on the evidence, without any declarations of law, the court found for the defendants. The plaintiff has brought the case here on a writ of error.

RAILEY & BURNEY, for plaintiff in error.

I. Defendants' lease from Zook was made March 1, 1881, and was not in writing. The lease was not to terminate within one year, and was void under the statute of frauds. *Atwood's Adm'r v. Fox*, 30 Mo. 499 ; *Sharp v. Rhiel*, 55 Mo. 97 ; Rev. Stat., sect. 2513.

II. Plaintiff was in the actual peaceable possession of the land, and defendants entered by force and dis-

possessed him. They should have proceeded legally, and not by force. *Krevet v. Meyer*, 24 Mo. 107 ; *Beeler v. Caldwell*, 33 Mo. 85; *Harris v. Turner*, 46 Mo. 439.

THURMAN & BRAY, for defendants in error.

I. This action is brought under section 3922, Revised Statutes (trespass act), for penalty for throwing down fences and *leaving them down*, other than those leading into one's own enclosure. It is not an action for damages. There is no testimony of any damages or about damages. There is *no evidence* that defendants threw down the fence and *left it down*. *Miller v. Northrop*, 49 Mo. 397.

II. The contract between Zook and defendant, Adams, is not within the statute of frauds. The entire consideration was paid by Adams for the land, for its use, and he *took and had possession* at the time of the commencement of this suit, and the contract for lease was *entirely* performed. In such case the other party will not be permitted to interpose the statute of frauds as a defence. *Self v. Cordell*, 45 Mo. 345; *Blanton v. Knox*, 3 Mo. 342.

III. Plaintiff could not maintain trespass whether the defendants were rightfully or wrongfully in possession. *Moore v. Parry*, 61 Mo. 174; *Cochran v. Whitesides*, 34 Mo. 417.

HALL, J.—The only question for our consideration is, whether the action of the court in refusing the above declaration of law was correct.

This is not a common law action of trespass. In this case no damages are asked ; none are alleged. We are clearly of the opinion that this action is for the penalty of five dollars, imposed by section 3922, Revised Statutes, which reads as follows :

" If any person shall voluntarily throw down or open any doors, bars, gates or fences, and leave the same open or down, other than those that lead into his own inclosure, * * * he shall pay to the party injured the sum of five dollars," etc.

There is no evidence whatever, tending to show that the defendants left the fence down. But on the contrary the defendant, Sallee, testified that he put up the fence as he went in and out. Under the statute it was incumbent upon the plaintiff to show that the defendants left the fence down. On account of the total failure of such evidence, the court properly refused to find for plaintiff, and rendered judgment for defendants.

Judgment affirmed. All concur.