For the insufficiency of the statement, the judgment is reversed and cause remanded. All concur.

---

THE STATE OF MISSOURI, Respondent, v. J. N. SHAW, Appellant.

Kansas City Court of Appeals, May 23, 1887.

CRIMINAL LAW—PROSECUTION FOR MISDEMEANOR—BASIS OF INFORMATION FOR.—Under the act of 1885 (Laws of Mo., 1885, p. 145), *repealing* former provisions and *substituting* new ones (both relating to proceedings before justices in cases of misdemeanor), the requirement is, that, where the prosecuting attorney files an information, *not based upon his own knowledge, information or belief,* the information must be based upon a complaint theretofore filed with the justice, made by some person having *knowledge* that the offence has been committed, verified, etc., or if not so *filed,* but *deposited* with the prosecuting attorney, the information must be *accompanied* by such complaint.

APPEAL from Jasper Circuit Court, HON. M. G. McGREGOR, Judge.

*Reversed and defendant discharged.*

The case is stated in the opinion.

THOMAS & HACKNEY, for the appellant.

I. The information in the case not being based on the knowledge of the prosecuting attorney, and not being based on a complaint setting forth the offence, verified by the oath of a person having *knowledge* of the commission of the offence, and filed with the justice, or deposited with the prosecuting attorney, is *void*, and appellant's *motion to quash* should have been sustained. Session Laws, 1885, p. 145.

II.   Said *information* was not made *under the oath of office* of the prosecuting attorney.   The right of a public officer to accuse the citizen, and put him upon his trial without inquest or examination, has never been favorably regarded by the courts, and all statutes giving such power *should be strictly construed.   State v. Kelm,* 79 Mo. 517 ; *State v. Hayward,* 83 Mo. *loc. cit.* 303 ; 1 Chitty on Common Law, 856, 857 ; *Rex v. Williamson,* 3 B. & Ald. 583 ; *Reg. v. Balain,* 8 A. & E. 168 ; *Rex v. Ball,* 1 Wilson, 93 ; *Rex v. Willet,* 6 T. R. 294 ; 2 Hawk, P. C. c. 26.   *The verification at the foot of the information,* by G. H. Kingston, *does not supply the place of* a complaint verified by the oath of a person having *knowledge* of the commission of the offence. *Carpenter v. State,* 14 Ind. 109.   Such a verification would not have been sufficient under the law, as it stood before the act of 1885.   It does not appear that G. H. Kingston *had any knowledge* of the commission of the offence charged.   *State v. Hayward,* 83 Mo. 299.

No brief for the state.

HALL, J.—This prosecution, for a misdemeanor, was instituted before a justice of the peace on the following information :

"STATE OF MISSOURI, Plaintiff,   } Before W. Woodward,
               *vs.*                            } Justice of the Peace,
"J. N. SHAW, Defendant.             } Marion Township.

"W. M. Robinson, prosecuting attorney within and for the county of Jasper, state of Missouri, informs the justice that, on the fourth day of July, 1885, at the county of Jasper, and state of Missouri, J. N. Shaw did, then and there, unlawfully, and wilfully, in a rude, angry, and insulting manner, assault, strike, beat, and wound one J. F. Kingston, against the peace and dignity of the state.

"W. M. ROBINSON,
"Prosecuting Attorney.

."G. H. Kingston, on his oath, says, that the facts set forth in the foregoing information are true to the best of his knowledge and belief.

"G. H. KINGSTON.

"Subscribed and sworn to before me this seventh day of July, 1885.

"W. WOODWARD, J. P."

The act of the general assembly, approved March 31, 1885, repealing sections 2025, 2026, 2028, and 2054, in relation to proceedings before justices of the peace in cases of misdemeanor, and enacting four new sections in lieu of said sections (Laws, 1885, p. 145), went into force and took effect on June 23, 1885. See note in the back of Laws, 1885.

The validity of the above information, which is the only question presented to us, is to be determined, therefore, by testing the information by the act of 1885. The information was, apparently, prepared in the light of the Revised Statutes, and in ignorance of the act of 1885, which took effect only a few days prior to the filing of the information; still the information, as we have said, must be tested by the act of 1885.

By new section 2025, where the prosecuting attorney files an information with a justice of the peace, not based upon his own knowledge, information or belief, the information must be based upon a complaint theretofore filed with the justice of the peace, made by some person having knowledge that the offence has been committed, verified by such person's oath or affirmation, before some officer authorized to administer oaths, setting forth the offence in plain and concise language; or, if no such complaint has been thus filed with the justice of the peace, but such complaint has been deposited with the prosecuting attorney, the information must be accompanied by such complaint. Unless such complaint be filed with the justice of the peace, or deposited with the prosecuting attorney, the prosecuting attorney cannot file an information, unless it be based upon his own

VOL. xxvi—25

knowledge, information, or belief. If such complaint be deposited with the prosecuting attorney, the information must be accompanied by it. The information in this case was clearly not based upon the prosecuting attorney's knowledge, information, or belief, but was based upon the knowledge and information of the person who verified the information filed by the prosecuting attorney. The fact was not stated in the information in express terms, because, no doubt, of the ignorance of the then very recent act of 1885, but it is as clear as if it had been thus stated. Such being the case, we must hold that the information filed by the prosecuting attorney was invalid, because there was no complaint made and verified, as required by new section 2025, either filed with the justice of the peace, or which, deposited with the prosecuting attorney, accompanied the information filed by him.

There being no valid information in this case, the judgment must be reversed and the defendant discharged. It is so ordered. All concur.