THE STATE OF MISSOURI, Respondent, v. A. CORNELL,
Appellant.

Kansas City Court of Appeals, April 27, 1891.

Information: AFFIDAVIT: VARIANCE.   An affidavit against defend-
ant did not state that he exhibited a weapon in the presence
of anyone.   The information did so state naming the persons.
*Held*, while an affidavit need not be so formal and definite as the
information, yet it should state the elements of the offense , and,
if it is insufficient as such, it is not cured by the information.

*Appeal from the Jasper Circuit Court.*—HON. M. G.
McGREGOR, Judge.

REVERSED.

*Thomas & Hackney*, for appellant.

(1). The complaint of R. McDonnell filed with the justice did not allege that the pistol was exhibited in presence of any person or persons. R. S. 1879, sec. 1274, now R. S. 1889, sec. 3502. And hence the complaint did not set forth any offense, and was insufficient to base an information upon. R. S. 1879, sec. 2025, as amended by Sess. Acts, 1885, p. 145 ; R. S. 1889, sec. 4329. In charging offenses the same certainty is required in the affidavit that is necessary in the information, and the information must be quashed if the affidavit upon which it is based is insufficient. *State v. Beebe*, 83 Ind. 171 ; *State v. Gartnell*, 14 Ind. 280. It will not be presumed that the prosecuting attorney based the information on his own knowledge of the commission of an offense by defendant. *State v. Shaw*, 26 Mo. App. 383, 386. And in this case the prosecuting attorney stated in express terms in the information that it was based on the complaint of McDonnell, theretofore filed with the justice, and thus expressly disavowed any knowledge on his part.

No brief for respondent.

ELLISON, J.—Defendant was proceeded against by information before a justice of the peace. He was convicted before the circuit court where the case had been taken by appeal. The information and affidavit upon which it was founded was based on section 3502, Revised Statutes, 1889. which enacts that : " If any person shall carry concealed upon or about his person any deadly or dangerous weapon,  *  *  *  or shall in the presence of one or more persons exhibit any such weapon in a rude, angry or threatening manner," he shall upon conviction, etc. The affidavit did not state

that the weapon was exhibited in the presence of any-
one. The information, however, did so state, naming
the persons. The question presented is, should the
circuit court have quashed the information as asked by
defendant?

We are not prepared to say that, even in charging
the offense, the affidavit should be so formal and defi-
nite as the information, yet it should state the essential
elements to make the offense. Section 4329, Revised
Statutes, 1889, provides that: "Prosecutions before
justices of the peace for misdemeanors shall be by
information, which shall set forth the offense in plain
and concise language, with the name of the person or
persons charged therewith, * * * and when any
person has actual knowledge that an offense has been
committed that may be prosecuted by information, he
may make complaint verified by his oath, * * *
*setting forth the offense as provided by this section,*"
etc. That is, in plain and concise language as required
in the information. An affidavit, insufficient as such, is
not cured by the information. *State v. Gartrell*, 14 Ind.
280; *State v. Beebe*, 83 Ind. 171.

The judgment is reversed, and the defendant dis-
charged. All concur.