THE STATE OF MISSOURI, Appellant, v. MARY DAVIDSON *et al.*, Respondents.

Kansas City Court of Appeals, May 25, 1891.

Information : KNOWLEDGE OF AFFIANT : CURING OF AFFIDAVIT. An affidavit, furnishing the basis for an information by the state's attorney, must be on the actual knowledge of affiant ; and the perfect allegation of an information will not cure the vice in the affidavit on which it is based.

*Appeal from the Hickory Circuit Court.*—Hon. W. I. Wallace, Judge.

Affirmed.

*W. D. Harryman*, for appellant.

The affidavit and information were both good; both charge an offense in the language of the statutes. *State v. Parker*, 39 Mo. App. 116; *State v. McDaniel*, 40 Mo. App. 356; *State v. Hatfield*, 40 Mo. App. 358; *State v. Ferguson*, 29 Mo. 416; *City of St. Charles v. Meyer*, 58 Mo. 86; *State v. Batson*, 31 Mo. 343.

*J. H. Davidson* and *Karnes, Holmes & Krauthoff*, for respondents.

(1) This information is not verified as required by law. R. S. 1889, sec. 4329; *State v. Shaw*, 26 Mo. App. 385; *State v. Harris*, 30 Mo. App. 85. (2) As the information was not sufficiently verified, the justice had no jurisdiction. *State v. Ristig*, 30 Mo. App. 361. And the circuit court would have none on appeal. All it could do would be to dismiss the case.

Gill, J.—Defendants were charged before a justice of the peace for unlawfully disturbing the peace of the prosecuting witness and others. The information of the prosecuting attorney was based on the affidavit of R. F. Moore, filed with the justice, wherein the offense is charged "to the best knowledge, belief and information" of the affiant. The defendants were convicted in a trial in the justice's court. Defendants thereupon appealed to the circuit court, where, on a motion filed by said defendants, the information was quashed, and the state appealed.

Whatever may be said as to the legality of the information proper (as filed by the prosecuting attorney), it is clear that the affidavit, on which the same

was based, did not comply with the law. The statute as now amended, section 4329, Revised Statutes, 1889, expressly provides that such affidavit—furnishing the basis for the information by the state's attorney—must be on the *actual* knowledge of the affiant. Here the affidavit was "to the best knowledge, belief and information" of the affiant, and, therefore, 'insufficient. *State v. Shaw*, 26 Mo. App. 383. And, as held by us in *State v. Cornell* ( decided at this term ), the vice in the affidavit will not be cured by the perfect allegations of the information based on such affidavit.

We are of the opinion, then, that the motion to quash the information was properly sustained, and affirm the judgment.