THE CITY OF GALT, Appellant, v. A. L. ELDER, Respondent.

Kansas City Court of Appeals, December 7, 1891.

Information: PROSECUTION BY CITY OF FOURTH CLASS: AFFIDAVIT. An affidavit of a private citizen before the mayor of a city of the fourth class, charged the defendant with selling "one drink of whiskey." An amended complaint filed and verified by the city attorney charged him, *first*, as druggist with selling *or* giving away intoxicating liquors on the twenty-fifth of the month; *second*, as a druggist with selling and giving away on the thirty-first; *third*, with unlawful selling intoxicating liquors in violation of the ordinance of the town in less quantities than one gallon, but saying nothing of his being a druggist; and, *fourth*, being a druggist, with permitting intoxicating liquors drank on his premises in the corporate limits, where sold, without a license as a dramshop keeper, etc. *Held*, the complaint was properly quashed.

*Appeal from the Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*M. M. Keller* and *Harber & Knight*, for appellant.

(1) The plaintiff, as a city of the fourth class, had the power, "to provide for licensing and regulating dramshop and tippling houses, * * * to regulate the sale of liquor under merchants' license or otherwise

within said city, and for one mile from the corporate limits thereof. R. S. 1889, sec. 1589. And hence the provisions of section 1, requiring all persons selling intoxicating liquors in said city, to have a dramshop license or a prescription of a practicing physician of the county was a reasonable, proper and valid regulation, and the court erred in quashing said information. *City of St. Louis v. Cafferata*, 24 Mo. 94; *State v. Beattie*, 16 Mo. App. 131; *Schweitzer v. City of Liberty*, 82 Mo. 309; *State v. Clark*, 54 Mo. 17. ( 2) The court erred in quashing either count of said information and discharging the defendant. See the first, second and ninth sections of ordinance number 20. Certainly the third count charged a violation of this ordinance. ( 3 ) The proposition that a part of an ordinance may be void and other parts thereof valid is too well settled to necessitate the citation of authorities in support thereof, so, if it was conceded ( which it is not) that that part of ordinance number 21, requiring the prescription to be had from a practicing physician of the county was void, yet all other parts thereof especially that part prohibiting "the permitting of such liquor to be drunk upon the premises where sold" would be valid, and binding, and the fourth count of the complaint based thereon should not have been quashed. *City of St. Louis v. Railroad*, 14 Mo. App. 221; *City of St. Louis v. Railroad*, 89 Mo. 44; *State v. Williams*, 77 Mo. 511; *City of Linneus v. Dusky*, 19 Mo. App. 20. The cause should have been tried *de novo* in the circuit court. For, "whatever may have been at one time the opinion in this state as to the nature and character of actions instituted by cities for the violation of ordinances, it may now be considered settled that such proceedings are but civil suits." *Piper v. City of Boonville*, 32 Mo. App. 138, 145; *City of Kansas v. Clark*, 68 Mo. 588; *City of St. Louis v. Knox*, 74 Mo. 79; *Ex Parte Hollwedell*, 74 Mo. 395; *City of St. Louis v. Schoenbusch*, 95 Mo. 618.

*D. M. Wilson, M. Bingham* and *N. A. Winters,* for respondent.

(1) The original complaint filed by David Cooksey was a nullity, because, *first*, the act alleged was in and of itself no offense against any ordinance. *Second.* The act complained of was not alleged to be in violation of any ordinance. *Third.* The act was not alleged to have been committed within the city limits. And being a nullity, there was nothing by which to amend, as was attempted in this case. *Owens v. Johns*, 59 Mo. 89; *Norman v. Horn*, 36 Mo. App. 419 ; *Bank v. Garton*, 40 Mo. App. 113. (2) Conceding, however, that the original complaint stated an offense against some ordinance of the city, the respondent should have been tried on that complaint and no other. The law governing proceedings in mayors' courts of cities of the fourth class is found in article 5, chapter 30, Revised Statutes, 1889. From reading the various sections of this chapter it will appear that the statute is silent on the subject of amendment. The clear and necessary inference then is that the right to amend is denied. R. S. 1889, secs. 1635–1646 ; *Aldridge v. Spears*, 40 Mo. App. 527 ; s. c., 101 Mo. 400. (3) The original complaint was sworn to by David Cooksey and charged the sale of one drink of whiskey. The complaint quashed was sworn to by M. M. Keller, and charged the commission of three separate and distinct offenses, none of them being a sale to David Cooksey. It was, therefore, not an attempt to amend but to substitute entirely different causes of action, under the oath of a new party, and the court did not err in quashing the complaint. *City of Edina v. Brown*, 19 Mo. App. 672 ; *City of Kansas v. Flanagan,* 69 Mo. 22 ; *Missouri City v. Hutchinson*, 71 Mo. 46 ; R. S. 1889, sec. 1635. (4) The first and second counts of the last complaint were properly quashed, because drawn under a void ordinance. The ordinance in requiring that the sale of liquor by a druggist must be on the

prescription of a regular practicing physician of Grundy county, attempts to limit and restrict the state law on the same subject, is in direct conflict with the statute, and is of necessity void. R. S. 1889, sec. 1902; R. S. 1889, sec. 4621. (5) The third and fourth counts were properly quashed, because, granting that the original complaint could be amended, the amendment to be good must be germane to the original charge.

ELLISON, J.—This proceeding was instituted before the mayor of Galt, a town of the fourth class, by making and filing the following affidavit:

" STATE OF MISSOURI, ⎫ ss.   Affidavit for a state war-
" County of Grundy, ⎭   rant in case of felony.

"Before me, John Doty, mayor of the city of Galt, within the county aforesaid, personally came David Cooksey, who, being duly sworn according to law, deposes and says, that, on or about the thirty-first day of December, A. D. 1890, in the county of Grundy, and state of Missouri, A. L. Elder did on the day aforesaid, sold to the affiant one drink of whiskey, and further deponent saith not.

"DAVID COOKSEY,

" Sworn to and subscribed before me this the thirty-first day of December, A. D. 1890.

"JOHN DOTY,

"Mayor."

Defendant was convicted before the mayor. He appealed to the circuit court, where, on his motion, the complaint, or information, as it was called, was quashed, and the town brings the case here. We will give the appellant the benefit of the following statement of the facts as understood by her counsel. It appears that David Cooksey, on the thirty-first day of December, 1891, filed his affidavit with the mayor of plaintiff, charging defendant with unlawfully selling intoxicating

liquors, and a warrant was issued thereon and defendant arrested and recognized to appear, January 3, 1891; and, January 3, cause was continued on application and at cost of defendant until January 9, 1891. On January 6, M. M. Keller, city attorney, filed two complaints against defendant, one charging the selling of intoxicating liquors in less quantities than one gallon, in violation of ordinance number 21. The other charged the selling of intoxicating liquors in less quantities than one gallon to David Cooksey (the complaining witness) in violation of ordinance number 21. Neither of these complaints were sworn to, and on the eighth of January, 1891, the city attorney filed, by leave of the mayor, another amended complaint in this cause. The complaint was duly sworn to by Mr. Keller, city attorney, and contained four counts. In the first, defendant was charged as a druggist with selling or giving away on the twenty-fifth day of December, 1891, intoxicating liquors in less quantities than one gallon. In the second count the charge was exactly the same, except the time alleged was the thirty-first day of December, 1890, and the defendant was charged with selling and giving away. In the third count it was not alleged that defendant was a druggist, but he was charged with unlawfully selling intoxicating liquors in violation of the ordinances of said town in less quantities than one gallon. In the fourth count it was charged defendant, being a dealer in drugs and medicines, did, in violation of ordinance number 21 (giving title thereof) in the corporate limits of said city of Galt, suffer and permit intoxicating liquors to be drunk upon his premises where sold, without having license as a dramshop keeper, etc.

From the foregoing it will be seen that there was quite a formidable array of charges brought against defendant to be based on so frail a foundation as the original complaint. The amended complaint, or information, as

it was styled, was properly quashed.   There was nothing upon which it could be founded.   As a charge that a druggist, within the limits of Galt, had violated any ordinance, it is a total failure.

Even if the amendment could be regarded as an information, as in state prosecutions, it would under *State v. Cornell*, 45 Mo. App. 94, be held defective in not having a sufficient affidavit upon which to base it. The judgment is affirmed.   All concur.