The State of Missouri v. White.

THE STATE OF MISSOURI, Appellant, v. DANIEL WHITE, Respondent.

Kansas City Court of Appeals, December 4, 1893.

1. **Information**: FILING of COMPLAINT. If an information discloses on its face that it is not made upon "the knowledge, information or belief" of the prosecuting attorney, but upon the complaint, either filed before a justice or delivered to the prosecuting attorney, it must in the one case be founded upon such complaint, and in the other accompanied by it, or otherwise the information should be quashed. (*Per* SMITH, P. J.)

2. ———: ———: PROSECUTING ATTORNEY. The prosecuting attorney holds not only the position of the attorney general or solicitor general of England, by virtue of which he may institute a criminal information at his will, without the oath of himself or the affidavit of a third party, but also the position of the coroner as well, whereby he may file an information at the suggestion or instigation of a private citizen in the shape of an affidavit, such affidavit should contain all matters necessary to criminate the defendant, and should be returned into court with information so that the defendant and the court may see its sufficiency and that the information follows it.

*Appeal from the Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*B. F. Pierce, J. W. Clapp* and *D. M. Wilson* for appellant.

(1) The validity of the information, sufficient in form and substance, and signed by the proper officer, is not affected by appending to it the affidavit of the prosecuting witness. *State v. Zeppenfield*, 12 Mo. App. 573; *State v. Buck*, 43 Mo. App. 443. (2) Where the sworn complaint of one having actual knowledge of the commission of an offense is deposited by him with the prosecuting attorney, it is not necessary for it to accompany the information and be filed with the justice. The prosecuting attorney has the right to retain it in his possession, if he so choose, and a reference to it in the information is sufficient. Revised Statutes, 1889, sec. 4329; *State v. Fletchall*, 31 Mo. App. 297; *State v. Humble*, 34 Mo. App. 343; *State v. Hatfield*, 40 Mo. App. 358. (3) A prosecuting attorney has the constitutional right to file of his own motion an information before a justice of the peace, independent of, and if need be, in opposition to, any statutory requirements. He is the sole judge of what misdemeanors he will prosecute. He is not bound to disclose where he obtains his knowledge. His power remains as at common law and without control; and any act of the legislature that attempts to restrict his rights, or to prescribe the manner of his using them, or that requires him to disclose the source of his knowledge of the commission of a crime is unconstitutional. *State v. Ransberger*, 42 Mo. App. 466; *State v. Fletchall*, 31 Mo. App. 27; *Ex parte Thomas*, 10 Mo. App. 24. (4) If the law, however, requires the affidavit of Robert H. Burrus to be filed with the justice, it is submitted that that requirement has been complied with, within the meaning of the statute. The information has appended to it, the affidavit of Burrus that the facts

set out in the information are true. That affidavit accompanied the information and was filed with it. The information can, therefore, be well said to be founded on that affidavit, and is a substantial compliance with the statute.

Jno. M. Swallow and Childers Bros. for respondent.

(1) The motion to quash was aimed at the information. The information was not good at common law, nor under the statute. Revised Statutes, 1889, sec. 4329; State v. Ransberger, 106 Mo. 135; State v. Harris, 30 Mo. App. 82; State v. Ristig, 30 Mo. App. 360; State v. Hatfield, 40 Mo. App. 358; State v. Buck, 43 Mo. App. 443; State v. Shaw, 26 Mo. App. 383; State v. Davidson, 44 Mo. App. 513; State v. Davidson, 46 Mo. App. 9; State v. McCarver, 46 Mo. App. 650; State v. Webb, 47 Mo. App. 599. (2) The information shows that it was based on an affidavit; the affidavit indorsed thereon does not charge an offense. No other affidavit was filed with the justice. The justice had no jurisdiction for the reason that the record was incomplete without the affidavit of Burrus. The justice having no jurisdiction, the circuit court could acquire none by appeal. No consent of the party accused can give the justice jurisdiction. 1 Bishop on Criminal Practice [3 Ed.], secs. 316, 893 and 1350. (3) The affidavit made by Burrus and filed with the prosecuting attorney, should have been filed with the justice and made a part of the record. State v. Harris, 30 Mo. App. 82; State v. Shaw, 26 Mo. App. 383; State v. McCarver, 47 Mo. App. 650; State v. Davidson, 46 Mo. App. 9; State v. Foey, 53 Mo. 336. (4) Section 4329, Revised Statutes, 1889, does not hamper the prosecuting attorney. We think that section, clearly defined, simply means that whenever he has knowledge of the

commission of an offense, then he basis his information on his own knowledge. But if an affidavit is delivered to him, he makes information, not of his own knowledge, but upon affidavit, and that affidavit must accompany the information. If the information be made of his own knowledge, then there need be no complaint. *State v. Buck*, 43 Mo. App. 443.

SMITH, P. J.—It appears from the record before us that one Burrus made a complaint verified by his oath before a justice of the peace, setting forth that Daniel White had committed an assault and battery, etc., which said complaint was delivered to the prosecuting attorney of Sullivan county, the county where the offense was alleged to have been committed. The prosecuting attorney thereupon filed with a justice of the peace having jurisdiction of· the offense, an information charging upon "information, based on the affidavit of·Robert H. Burrus, that Daniel White, on the —— day of February, 1893, at Sullivan county, Missouri, on the said Robt. H. Burrus unlawfully did make an assault, and him, the said Burrus, then and there unlawfully did strike, beat, wound and ill-treat, and other wrongs to him, the said Burrus, then and there unlawfully did, against the peace and dignity of the state.                          B. F. PIERCE,
                                  "Prosecuting Attorney.

"Robert H. Burrus, being duly sworn, says that the facts stated in the within information are true.
                                  "ROBERT BURRUS.

"Subscribed and sworn to before me, this fifth day of April, 1893.
                                  "S. M. GRIGSBY."

The information, it was admitted, was not accompanied by the complaint made by Burrus, nor filed with the justice, but was retained by the prosecuting attorney.

The defendant, having been convicted on the information before the justice, prosecuted his appeal to the circuit court, where he filed a motion to quash the information, upon the ground that it purported to be based on the affidavit of one Robert Burrus and not on the knowledge, information or belief of the prosecuting attorney; whereas, in fact, no such complaint was filed with the justice before whom the case was pending, as required by law. The motion was sustained by the court and judgment entered accordingly, from which the state has appealed here.

It is thus seen that the single question which we are required to decide is, whether the objection to the information that the prosecuting attorney had not filed therewith the complaint that had been delivered to him was fatal to its validity. It will be further seen by turning to section 4329, Revised Statutes, that it is there provided "that when any person has actual knowledge that an offense has been committed that may be prosecuted by information, he may make complaint verified by his oath or affirmation before any officer authorized to administer oaths, setting forth the offense as provided by this section, and file the same with the justice of the peace having jurisdiction of the offense, or deliver same to the prosecuting attorney; and whenever the prosecuting attorney has knowledge, information or belief that an offense has been committed, cognizable by a justice of the peace in his county, or shall be informed thereof by complaint made and delivered to him as aforesaid, he shall forthwith file an information with a justice having jurisdiction of the offense, founded upon or *accompanied by such complaint.*

In *State v. Shaw*, 26 Mo. App. 383, it was held that, unless complaint be filed with the justice or

·deposited with the prosecuting attorney, the latter officer cannot file an information unless it be based upon his own knowledge, information or belief. And when such complaint be deposited with the prosecuting attorney, the information when filed must be accompanied by it. This seems to us to be a fair interpretation of the import and meaning of the language of the statute. Any other construction of this statute would render its requirement wholly nugatory. So that if an information disclose on its face that it is not made upon "the knowledge, information or belief" of the prosecuting attorney, but upon the complaint, either filed before a justice or delivered to the prosecuting attorney, it must in the one case be founded on such complaint and in the other accompanied by it.

As to what effect an insufficient complaint would have upon a sufficient information, is a question that does not arise in this case, as the complaint is conceded to be sufficient. But since the complaint, though valid, did not accompany the information as required by statute in such case, we think the circuit court did not err in quashing it.

The judgment will, therefore, be affirmed. All concur.

### SEPARATE OPINION.

ELLISON, J.—One of the contentions urged here by the state is, that since, as was decided in *State v. Ransberger*, 42 Mo. App. 466; s. c., 106 Mo. 135, the prosecuting attorney may at his own discretion and will, without oath or affidavit of a third party, file an information against an accused, the fact that an affidavit was made in this case and is referred to in the information may be rejected as mere surplusage, the information being sufficient, as is contended, without an affidavit. It is true that the

information mentioned in our state constitution is the information of the common law, and as such the prosecuting attorney, occupying, in this respect, the position of the attorney general or solicitor general of England, may institute a criminal information at his will, without the oath of himself or the affidavit of a third party; and so we decided in the case above referred to. This was so well understood in England to be the law that Lord MANSFIELD refused to grant leave to the attorney general to file an information (which he said he applied for out of respect for the court) on the ground that it was a matter lying wholly within the attorney general's discretion, which he should exercise without leave. *Rex v. Phillips*, 4 Burr. 2089; *Rex v. Lucas*, 3 Burr. 1564.

Nothwithstanding this, an information by the attorney general or solicitor general without oath, and at his discretion was not the only information known to the common law. There was also an information "as ancient as the common law itself," filed by the coroner or *master of the crown office* (the standing officer of the general public) in the king's name, though at the relation and upon the affidavit of a private person. 3 Blackstone, 308, 309; Bacon on Informations, *a;* 1 Chitty's Criminal Law, 856, 858; *The King v. Robinson*, 1 Blackstone, 541; *Regem v. Jones*, 1 Strange, 704. Our prosecuting attorneys in respect to criminal prosecutions may be said to perform, not only the duties of the attorney general or solicitor general, but of the coroner or crown officer as well. He may, therefore, file an information at the suggestion or instigation of a private citizen in the shape of an affidavit provided in our statute. When he thus acts upon the affidavit of the citizen the substance of such affidavit should "contain all matters necessary to criminate the defendant." 1 Chitty's Criminal

Law, 858. And so we decided in *State v. Cornell*, 45 Mo. App. 94, and *State v. Davidson*, 46 Mo. App. 9. This being true, how is it to be known that the affidavit upon which the state's attorney has chosen to base the prosecution, is sufficient unless it be in court? In the case at bar the prosecuting attorney states in the information that it is based upon the affidavit of Robert Burrus, and yet the affidavit itself is not forthcoming, and its sufficiency cannot be known by the defendant or the court. The affidavit, if produced, might fail to show the commission of a crime or misdemeanor; indeed, its allegations might state the party innocent of that with which it attempts to charge him.

The prosecuting attorney for good reason may not desire to exercise his power and discretion to set in motion the machinery of the criminal law without being moved thereto by some complainant on whom the responsibility may rest if the prosecution should prove to be merely the result of mistake or malice or be otherwise ill founded, and on whom the costs may be fastened as is provided in sections 4058, 4063, 4358, Revised Statutes, 1889.

It is therefore clear that when the prosecution attorney chooses to base the information upon the affidavit of an individual, such affidavit must show the information to be well based—must set forth the offense charged—and, that it may seem that this has been done, it must be in court as provided by the statute.