THE STATE OF MISSOURI, Appellant, v. BEN LUMAN, Respondent.

Kansas City Court of Appeals, May 4, 1896.

1. **Criminal Law**: INFORMATION: AFFIDAVIT: KNOWLEDGE OF AFFIANT. Where an information is founded upon the affidavit of a private person, such affidavit must show that affiant has actual knowledge of the offense charged; and his best knowledge, information, and belief of the existence of the offense is not sufficient.

2. ———: ———: ———. Where the affidavit of a private person has been filed, the information of the prosecuting attorney will be considered as based upon it; and if the affidavit is insufficient, the information will be quashed.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Edwin L. Moore* for appellant.

(1) Stripped of verbiage, the first ground of the motion to quash is, that the amended affidavit of Coiner is to affiant's "best knowledge, information, and belief," and that this is not a sufficient verification, as

decided by this court. *State v. Davidson*, 46 Mo. App. 9. (2) Notwithstanding that opinion, rendered apparently without knowledge of the *Bennett* case, decided about the same time, it is respectfully submitted that the verification of an information is sufficient where the affiant states that the facts are true, according to his "best knowledge, information, and belief." *State v. Bennett*, 102 Mo. 356; *State v. Armstrong*, 106 Mo. 413; *Ex Parte Olden*, 37 Mo. App. 116; *State v. Daley*, 49 Mo. App. 184; Kelly's Crim. Law & Pr. [Ed. 1892], sec. 210, p. 129. (3) It is true, the above decisions are under section 4057, relating to circuit court informations; but for the affidavit of a private citizen no form is prescribed by either that section or section 4329, upon which this proceeding is based; and, therefore, "the validity of the affidavit must be determined by the application of general principles." *State v. Bennett*, *supra*, *loc. cit.* 371; *State v. Hayward*, 83 Mo. 304; *Ex parte Olden*, *supra*. (4) In making such an affidavit the affiant necessarily asserts knowledge of the specific acts recited. The addition of the phrase "and belief" does not impair the force of the word "knowledge." *State v. Bennett*, *supra*, 372; *Ex parte Olden*, *supra*, 121; *State v. Lund*, 32 P. (Kan.) 97; *State v. Buck*, 43 Mo. App. 446. (5) However, even if it be deemed that the affidavit is insufficient in law, this defect does not prejudice the information; the latter stands upon its own merits. *State v. Ransberger*, 106 Mo. 135; *State v. Fletchall*, 31 Mo. App. 296; *State v. McCarver*, 47 Mo. App. 650; *State v. Hart*, 47 Mo. App. 653; *State v. Sweeney*, 56 Mo. App. 409; Kelley, sec. 210; *Long v. People*, 25 N. E. Rep. (Ill.) 851; *Gallager v. People*, 120 Ill. 179, 11 N. E. Rep. 335; *State v. Zeppenfeld*, 12 Mo. App. 573; *State v. Cornell*, 45 Mo. App. 94; *State v. White*, 55 Mo. App. 356; *State v. Graham*, 46 Mo. App. 527.

*Cole & Burnett* for respondent.

(1)   The information discloses on its face that it was made upon the amended complaint of W. H. Coiner, which had been filed with the justice; therefore, it must be founded on said amended complaint. *State v. White,* 55 Mo. App. 356; R. S. 1889, sec. 4329. (2)   The affidavit on which the information was based did not comply with the law.   The statute expressly provides, that the affidavit furnishing the basis for the information, must be on the actual knowledge of the affiant.   R. S. 1889, sec. 4329; *State v. Davidson,* 46 Mo. App. 9; *State v. Hayward,* 83 Mo. 299.   (3) And the defect in the affidavit will not be cured by the perfect allegations of the information based on such affidavit.   *State v. Davidson,* 46 Mo. App. 9; *State v. Cornell,* 45 Mo. App. 94; *State v. Shaw,* 26 Mo. App. 385.

ELLISON, J.—This prosecution is by information, by the prosecuting attorney of Barton county, based on the affidavit of a private person.   The affidavit, perhaps being deemed insufficient, was made more formal and complete by amendment, wherein the affiant, instead of swearing outright to the truth of the matters charged, changed it so as to read that he "states to his best knowledge, information, and belief, that on or about," etc.   The circuit court sustained a motion to quash on the ground that the amended affidavit was insufficient in such form.   The statute authorizes any private person to make an affidavit, who "has actual knowledge that any offense has been committed." Sec. 4329, Revised Statutes, 1889.   Under this statute, we must hold that the affidavit, as amended, was not sufficient.   *State v. Davidson,* 46 Mo. App. 9.   If not sufficient, we must further hold that the information

which *is based thereon* must fall with it. *State v. Cornell*, 45 Mo. App. 94.

Referring to the suggestion of appellant's counsel, we will state, as was explained in *State v. White*, 55 Mo. App. 356, 361, that while the prosecuting attorney may file an information without an affidavit by himself, or any other person (*State v. Ransberger*, 42 Mo. App. 466; s. c., 106 Mo. 135); yet he may not, for many obvious reasons, be willing to do so, and he may elect to base his information on the affidavit of a private person. When he does so elect, such affidavit will be taken to be the basis for the prosecution and it must be sufficient under the law to sustain an information; and if it is not, the information itself will be quashed, for the plain reason that the affidavit upon which the prosecuting attorney has chosen to base it, is insufficient.

We have been cited by counsel for the state to some cases which hold that an affidavit on information and belief is proper. Principal among those cases is that of *State v. Bennett*, 102 Mo. 369. But that case was based on a statute different from the one now before us. The statute in that case is a special statute, applying to the court of criminal correction, in St. Louis. It is there provided that in an affidavit by a private person, "he shall swear to the same to the effect that he believes it to be true." Sec. 19, page 2155, R. S. 1889. The affidavit there was based on "knowledge and belief," and it was held to be proper. We have already seen that the statute we are now considering is altogether different, in that it requires the affidavit to be made by some person who "has *actual* knowledge that any offense has been committed." The case of *State v. Hayward*, 83 Mo. 299, in its reasoning is directly in point on the question here. The cases *Ex parte Olden*, 37 Mo. App. 121, and *State v. Sweeny*, 56 Mo. App. 409, are not based on affidavits like the one

involved here. In the latter case the information seems to have been based on the act of the prosecuting attorney, though an affidavit is mentioned also, yet it does not appear in the case.

The foregoing leads to an approval of the action of the trial court and the judgment is, therefore, affirmed. All concur.