STATE OF MISSOURI, Appellant, v. R. G. SARTIN, Respondent.

St. Louis Court of Appeals, May 12, 1896.

**Criminal Law:** INFORMATION BASED ON COMPLAINT. Under section 4329 of the Revised Statutes an information before a justice of the peace, when not filed by the prosecuting attorney upon his own knowledge, information or belief, must be made upon a complaint setting forth the offense and verified in accordance with the statute; and this complaint must either be filed with the justice, or be delivered to the prosecuting attorney and accompany the information.

*Appeal from the Stone Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

No brief filed for appellant.

*T. L. Viles* for respondent.

BOND, J.—This prosecution was begun before a justice on the following information:

"STATE OF MISSOURI, } ss.
"County of Stone.

"Before W. T. Moore, one of the justices of the peace within and for Washington township, Stone county, Missouri.

"State of Missouri,
  v.
"R. G. Sartin, Defendant. }

"Comes now Albert Hodges, prosecuting attorney within and for the county of Stone, in the state of Missouri, informs the court that R. G. Sartin, on the ninth day of February, 1895, at the said county of Stone did then and there unlawfully carry concealed about his person a certain deadly and dangerous weapon, to wit, a revolving pistol, against the peace and dignity of the state.

"ALBERT HODGES,
"Prosecuting Attorney.

"John Butler, being duly sworn, upon his oath says that the facts stated in the foregoing information are true.

"JOHN BUTLER,
"Prosecuting Witness.

"Subscribed and sworn to before me this eleventh day of February, A. D. 1895.

"W. T. MOORE, J. P."

The defendant was convicted by the justice and appealed to the circuit court, where his motion to quash the above information was sustained, and the state appealed to this court.

The validity of the information is determined by the statute in force at the time of its filing, to wit, Revised Statutes, 1889, section 4329. This section need not be set out, but an examination of its provisions discloses that, where an information before a justice is not filed by the prosecuting attorney upon "his knowledge, information, or belief," it must be made upon a complaint setting forth the offense, and verified as provided in said section, which must be filed with the justice or delivered to the prosecuting attorney. If an information is based upon such a complaint, the latter must be in court by having been filed with the justice, or by accompanying the information if it was lodged with the prosecuting attorney, the object of the law being to make it appear from the complaint that an offense has been committed. *State v. White*, 55 Mo. App. 356; *State v. Shaw*, 26 Mo. App. 383. As the present record wholly fails to set out any complaint, either filed with the justice or accompanying the information, and as the information shows on its face that it was not filed by the prosecuting attorney on his own "knowledge, information, and belief," the court did not err in sustaining the motion to quash, and its judgment will be affirmed. All concur.