THE STATE OF MISSOURI, Appellant, v. RICHARD LEWIS, Respondent.

Kansas City Court of Appeals, March 22, 1897.

Criminal Procedure: INFORMATION: VERIFIED COMPLAINT.   Though a prosecuting attorney may file an information on his own knowledge, etc., yet, when he acts on the complaint filed by a prosecuting witness, such complaint must be verified.

*Appeal from the Pettis Criminal Court.*—HON. GEO. F. LONGAN, Judge.

AFFIRMED.

*Louis Hoffman* and *W. D. Steele* for appellant.

(1) The information is good. It sets out a good common law assault and battery charge, as contemplated by section 3492 of the Revised Statutes of Missouri of 1889, and follows approved precedents. R. S. 1889, sec. 3492; Wharton's Precedents of Indictment and Pleas [3 Ed.], form 213–215, pp. 232–236. (2) The affidavit or complaint is no part of the information. The term information, as used in section 12, article 2, of the Constitution of Missouri, 1875, is to be understood in its common law sense, i. e., a criminal charge exhibited by the attorney general or other proper officer—prosecuting attorney. The affidavit of a private citizen is no information and will not support a prosecution for a crime. *State v. Kelm*, 79 Mo. 515; *State v. Briscoe*, 80 Mo. 643; *State v. Ransberger*, 106 Mo. 135; *State v. Ransberger*, 42 Mo. 466. (3) The legislature has no power to authorize any other than common law information, and when the prosecuting attorney acts, he does so under his oath of office, "unhampered by statutory restraint." *State v. Ransberger*, 42 Mo. 466, and authorities there cited; *State v. Ransberger*, 106 Mo. 135, and authorities cited. (4) An affidavit is but one of many sources through which the prosecuting attorney may be moved to file his information, and on the motion to quash, the circuit court erred in taking into consideration any affidavit or pretended or defective affidavit. The only question was, is the information itself sufficient. *State v. Ransberger*, 42 Mo. 473, 474. The supreme court, when they reviewed the action of

this court in *State v. Ransberger*, 106 Mo. 135, laid down this doctrine so broad that it ought no longer to be questioned.   47 Mo. 653; 52 Mo. 670.

*Sangree & Lamm* for respondent.

(1)   The alleged information on its very face is based on the complaint or affidavit of George Eikenbury, a private citizen.   The information follows the alleged complaint on the same identical sheet of paper. It refers to the "foregoing and accompanying complaint," in set terms as its basis.   By every fair and reasonable intendment and recognized canon of interpretation, it must be held to be an information based, not on the personal knowledge or information of the prosecuting attorney, but on information derived from the complaint accompanying it.   This being so, the complaint will be looked to by the court and, as it is not under oath and hence is fatally defective, the information itself is bad and was rightly quashed.   *State v. Sartin*, 66 Mo. App. 626; *State v. White*, 55 Mo. App. 356; *State v. Shaw*, 26 Mo. App. 383; R. S. of Mo., 1889, secs. 4329 and 4330; *State v. Davidson*, 46 Mo. App. 9; *State v. Davidson*, 44 Mo. App. 513; *State v. Hatfield*, 40 Mo. App. 458; *State v. Harris*, 30 Mo. App. 82; *State v. Ragsdale*, 59 Mo. App. 590 (p. 607).   See, also, for discussion of a kindred proposition, *State v. Pruett*, 61 Mo. App. 156; *State v. Sayman*, 61 Mo. App. 244; *State v. Bragg*, 63 Mo. App. 22; R. S. 1889, sec. 4358; *State v. White*, 55 Mo. App. 356.   (2) The question involved and discussed in *State v. Ransberger*, 42 Mo. App. 466, and in *State v. Ransberger*, 106 Mo. 135, cited and relied on by appellant, is not involved in the case at bar, and the doctrine of those cases has no application whatever here.

GILL, J.—On the thirtieth day of November, 1894, there was filed in a justice's court in Pettis county a pretended complaint by George Eikenbury, charging respondent with assault and battery. This complaint was signed by Eikenbury but was not under oath. Accompanying and following this complaint, and on the same sheet of paper, was an information signed by the prosecuting attorney, which in terms refers to the complaint as the only basis of the charge.

In the circuit court, where the cause was taken by appeal, the court sustained a motion to quash the information, because, while purporting to be based on the complaint of Eikenbury, said complaint was not sworn to and was, therefore, void. The state appealed.

The judgment of the circuit court was correct. While it is true that the prosecuting attorney may act on his own "knowledge, information, or belief that an offense has been committed" and file an information, yet when he assumes to act on a complaint filed by the prosecuting witness, that complaint must be supported by the affidavit of such witness. Section 4329, R. S. 1889; *State v. White*, 55 Mo. App. 356, and other cases cited in defendant's brief.

CRIMINAL procedure: information: verified complaint.

Judgment affirmed. All concur.