STATE OF MISSOURI, Respondent, v. GEORGE GRUBB, Appellant.

St. Louis Court of Appeals, May 11, 1897.

1. **Criminal Law:** MISDEMEANOR: INFORMATION, BEFORE JUSTICE, BASED UPON AFFIDAVIT OF PROSECUTOR. When the prosecuting attorney, in a prosecution commenced in a justice's court, chooses to base an information upon the sworn statement of another, such statement must show the offense charged. R. S. 1889, sec. 4329.

2. ———: ———: PULLING DOWN FENCE: SUFFICIENCY OF INFORMATION, BEFORE JUSTICE, BASED UPON AFFIDAVIT OF PROSECUTOR. In a prosecution begun before a justice of the peace, an information based upon the affidavit of the prosecutor that defendant did unlawfully, etc., "pull down, throw open and throw down" a certain fence, but which failed to allege that defendant "left the fence down," was not sufficient. R. S. 1889, secs. 8676, et seq.

*Appeal from the Dent Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND DEFENDANT DISCHARGED; Judge BIGGS concurring, Judge BLAND not sitting.

*J. J. Cope* and *L. B. Woodsides* for appellant.

Under the statute, there are but two ways in which prosecutions may be commenced before a justice of the peace: When the prosecuting attorney has knowledge, information or belief that an offense has been committed; and when he is informed thereof by complaint made and delivered to him or the justice. R. S. 1889, sec. 4329.

If the complaint is made by a private person, it must set forth the offense charged. Sec. 4329, *supra*.

If the affidavit appears, or the proceedings show that the information is based upon the affidavit, it is conclusive of that fact. *State v. Morse*, 55 Mo. App. 334.

The affidavit does not state that the fence was left down, and that is one of the elements of the offense, and must be stated in the affidavit; and the failure to so state was not cured by the statement in the amended information. R. S. 1889, secs. 8676, *et seq.; State v. Cornell*, 45 Mo. App. 94; *State v. White*, 55 *Id*. 356; *State v. Davidson*, 46 *Id*. 10; *State v. Sartin*, 66 *Id*. 626.

An information filed before a justice must be based upon the personal knowledge of someone, either by some private person, lodging with the prosecuting attorney, or justice, a complaint verified by affidavit, setting forth the facts, or on an information filed by the prosecuting attorney, on his own personal knowledge; and this must affirmatively appear either in the body of the information or in the affidavit. *State v. Ransberger*, 106 Mo. 138; *State v. Davidson, supra*.

*William P. Elmer* for respondent.

It has long been held that the complaint need not be as technical as the information. *State v. Morse*, 55 Mo. App. 335, and citations.

The information is sufficient. It charges the offense in the language of the statute. *State v. Ransberger*, 106 Mo. 146.

The information is good in itself, and does not need the support of any affidavit. If the affidavit be set aside, the information is sufficient without it. *State v. Hart*, 47 Mo. App. 653; *State v. McCarver*, *Id*. 650; *State v. Sweeney*, 56 *Id*. 410; *State v. Ransberger, supra; State v. Morse, supra*.

The prosecuting attorney acts in his official capacity in filing an information, and it is only necessary to look to the information. If that be sufficient, it is not important whether the affidavit be sufficient to charge an offense. Kelley's Crim. Law [2 Ed.], p. 129, sec. 210, and citations.

The information need not show that it is based upon either the affidavit of a private person or on the personal knowledge of the prosecuting attorney. *State v. Webb*, 47 Mo. App. 599; *State v. Morse, supra.*

Inferences drawn by the justice and entered in his docket can not affect the validity of the information. *State v. Morse, supra.*

BOND, J.—On the thirtieth day of May, 1896, the following affidavit was filed before a justice of the peace in Dent county, Missouri:

"STATE OF MISSOURI, } ss.
"County of Dent.

"Before M. Hogle, justice of the peace in Dent county, Missouri.

"David Williams, being duly sworn, upon his oath states that George Grubb, on the sixteenth day of May, 1896, at and in Dent county, Missouri, did then and there unlawfully, willfully and maliciously throw down, and open and pull down a certain fence on the premises and surrounding the land of him, the said David Williams, the property of him the said David Williams, and in which the said George Grubb then and there has no right or interest; against the peace and dignity of the state.

"DAVID WILLIAMS."

"Subscribed and sworn to before me this thirtieth day of May, 1896.

"M. HOGLE, J. P."

Indorsed. "Filed May 30, 1896.

"M. HOGLE, J. P."

On the same day and before the same justice an information charging defendant with the acts alleged in said affidavit was filed by the prosecuting attorney. The cause was continued until June 22, 1896, when the information was amended so as to charge, in addition to the allegations contained in the first, that defendant "left the fence down and open." Upon a trial the defendant was found guilty by a jury in the justice's court, and fined $1. From a judgment on this finding he appealed to the circuit court. The justice sent up a transcript of the proceedings before him. The defendant moved to quash the information for the reason that the complaint upon which it was based failed to charge that he "left said fence down and open," and hence did not charge any offense. The motion was overruled and exceptions preserved. On a trial thereafter defendant was convicted and his punishment assessed at $5. From a judgment in conformity he appealed to this court.

The only error assigned is that the court erred in overruling the motion to quash the information. In

MISDEMEANOR: information, before justice, based upon affidavit of prosecutor.

this case it clearly appears that the information upon which this prosecution began was based upon the complaint verified by affidavit of the prosecutor, David Williams. The information was filed with the justice on the same day on which the complaint was filed. It alleged against the defendant the specific acts set out in the complaint. It did not purport on its face to be filed upon "the knowledge, information or belief" of the prosecuting attorney. When the case was appealed to the circuit court the complaint was included in the transcript of the justice, and the bill of exceptions taken during the trial in the circuit court refers to the information as being based upon the complaint. Under this state of the record there can be no reasonable doubt

that the information was filed upon the charges made in the complaint. *State v. Shaw*, 26 Mo. App. 383; *State v. Morse*, 55 Mo. App. 332; *State v. White*, 55 Mo. App. 356; *State v. Sartin*, 66 Mo. App. 626. This being so in order to sustain the information the statute requires that the complaint shall set forth "the offense charged." R. S. 1889, sec. 4329. It is not contended

MISDEMEANOR: pulling down fence: sufficiency of information, before justice, based upon affidavit of prosecutor.

that the complaint in this case sets forth the essential elements of the offense defined by the statute upon which this prosecution was based. R. S. 1889, sec. 8676, *et seq.* This statute makes the "leaving the fence down" a necessary constituent of the offense created by it. *Donovan v. Sallee*, 19 Mo. App. 593. We do not hold that the complaint upon which the information was based should be so formal and definite as the latter. It must, however, state the essential elements of the offense charged. *State v. Cornell*, 45 Mo. App. *loc. cit.* 96. In the present case the complaint wholly failed to allege that defendant "left the fence down." It did not, therefore, charge him with any offense under the above statute. When the prosecuting attorney does not exercise his statutory option of filing informations before justices upon his own "knowledge, information or belief," but chooses to rest them upon the sworn statements of others, it is indispensable that such statements should suffice to charge an offense. For the failure of the complaint under review in this respect, the trial court should have sustained the motion to quash the information. As that was not done, the judgment will be reversed and the defendant discharged.

Judge BIGGS concurs; Judge BLAND not sitting.