THE STATE OF MISSOURI, Respondent, v. WILLIAM WHITAKER, Appellant.

Kansas City Court of Appeals, May 2, 1898.

1. **Criminal Procedure:** INFORMATION: COMPLAINT: QUASHING. If the complaint on which an information is based is fatally defective, the latter will be quashed.

2. ——: ——: ——. Where the complaint is insufficient it should be amended or the information should affirmatively show that it was not based on the complaint.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED.

J. C. WILSON and MCCULLOUGH, PEERY & LYONS for appellant.

The complaint or affidavit does not set forth the slanderous words alleged to have been spoken, nor in whose presence and hearing they were spoken. It was therefore fatally defective. State v. Derry, 20 Mo. App. 552; State v. Buck, 43 Mo. App. 443; State v. Matheis, 44 Mo. App. 294; R. S. 1889, sec. 4329. (2) The information does not purport to be on the personal knowledge, information or belief of the prosecuting attorney. The affidavit shows that it is the basis of the information; it is entitled "Affidavit for information," and it will be conclusively presumed

that the information is based upon the affidavit. State v. Shaw, 26 Mo. App. loc. cit. 386; State v. Grubb, 71 Mo. App. 214; State v. Luman, 66 Mo. App. 472. (3) So it has been repeatedly held by this court and the St. Louis court of appeals that if the affidavit or complaint upon which the information is based is fatally defective, the information must be quashed. State v. Cornell, 45 Mo. App. 94; State v. Davidson, 46 Mo. App. 9; State v. Shaw, 26 Mo. App. 383; Gault v. Elder, 47 Mo. App. 164; State v. White, 55 Mo. App. 361; State v. Luman, 66 Mo. App. 472; State v. Sartin, 66 Mo. App. 626; State v. Lewis, 70 Mo. App. 40; State v. Gartrell, 14 Ind. 280; State v. Beebe, 83 Ind. 171.

EZRA H. FRISBY and SALLEE & GOODMAN for respondent.

(1) Aside from the bare assertion of counsel for appellant there is not a scintilla of proof, either in or out of the record, to show that the information was based upon the affidavit above referred to. And a careful examination of all the authorities cited by appellant wholly failed to sustain their theory that said information was based upon said affidavit. (2) The information in the case at bar is not based on any affidavit, and the information is good and sufficient in and of itself, and does not need the aid and support of any affidavit, good, bad or indifferent. State v. Hart, 47 Mo. App. 653; State v. McCarver, 47 Mo. App. 650; State v. Ransberger, 106 Mo. 135; State v. Hooker, 68 Mo. App. 418; State v. Ransberger, 42 Mo. App. 466. (3) No indictment or information shall be deemed invalid for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits, and no infor-

mation should be quashed unless the imperfection tends to prejudice the substantial rights of the defendant. R. S. 1889, sec. 4115; State v. Sweeney, 56 Mo. App. 480; State v. Chamberlain, 89 Mo. 129, 132; State v. Kinney, 81 Mo. 101; State v. Dusenberry, 112 Mo. 288; State v. Findley, 77 Mo. 338; State v. Cox, 32 Mo. 566; State v. Matheis, 44 Mo. App. 295.

SMITH, P. J.—A complaint was filed before a justice of the peace charging that the defendant herein, "on sundry and at divers times within the last year, at the said county of Harrison, did then and there unlawfully and falsely accuse my daughter Mabel Canaday of fornication and whoredom." Upon this complaint a warrant was issued and the defendant arrested and brought before the justice where the prosecuting attorney appeared and filed an information, sufficiently charging an offense under section 3868, Revised Statutes, but as to whether or not such information was filed on the knowledge, information and belief of the prosecuting attorney or on the complaint of the private prosecutor we are not advised by the allegations thereof. In the circuit court a motion was filed to quash the information because of the insufficiency of the complaint which was overruled, and the action of the court in overruling the same is made the only ground upon which a reversal of the judgment is sought.

STATEMENT.

The statute, section 4329, requires that complaint as well as the information in prosecutions for misdemeanors before justices of the peace shall "set forth the offense in plain and concise language." It is made clear by reference to the following adjudications that the complaint here "sets forth" no offense. State v. Matheis, 44 Mo. App. 294; State v. Buck, 43 Mo. App. 443;

CRIMINAL procedure: information: complaint: quashing.

State v. Derry, 20 Mo. App. 552. It has been ruled by the appellate courts of this state in numerous cases that if a complaint on which an information is based is fatally defective the latter will be quashed. State v. Cornell, 45 Mo. App. 94; State v. Davidson, 46 Mo. App. 9; State v. Shaw, 26 Mo. App. 383; Gault v. Elder, 47 Mo. App. 164; State v. White, 55 Mo. App. 361; State v. Luman, 66 Mo. App. 472; State v. Sartin, 66 Mo. App. 626; State v. Lewis, 70 Mo. App. 40. But the prosecuting attorney contends that the information is not based on the complaint. We must infer that it was so based unless from the face thereof or elsewhere in the record the contrary is made to appear. Recurring thereto and nothing is found in the allegations thereof nor in any other part of the record to repel the inference just stated. The statutory offense which is imperfectly "set forth" in the complaint is perfectly set forth in the information. There was nothing in any step that was taken in the case by the prosecuting attorney, so far as the record discloses, tending to show that the information was not based on the complaint. If that officer had deemed it for the best interest of the state not to base his information on the complaint, he should have dismissed such complaint or have distinctly alleged in the information that the same was based on his "knowledge, information or belief," or in some way made the record show that the information was not based on the complaint. Here the complaint accompanies the information into the record where there is to be found nothing to show that the latter is not based on the former. When a prosecuting attorney finds that the complaint filed before the justice does not set forth an offense as required by statute, he should have it properly amended and then base his information on the amend-

ment.   It seems to us that there is no escape from the conclusion that the present information was based on the complaint.   It follows that the motion to quash should have been sustained.   The judgment will be reversed and defendant discharged.