THE STATE OF MISSOURI, Respondent, v. MARTIN
FUSER, Appellant.

Kansas City Court of Appeals, May 2, 1898.

Criminal Law: INFORMATION MUST FOLLOW COMPLAINT: DIFFERENT
OFFENSES. If an information purports to be founded upon a com-
plaint, it must follow such complaint; and where it describes an
offense committed after the date of the filing of the complaint, it is
founded upon a different offense and is invalid.

*Appeal from the Boone Circuit Court.*—HON. JOHN A.
HOCKADAY, Judge.

REVERSED.

JOHN COSGROVE for appellant.

(1) The information filed by the prosecuting
attorney was insufficient. It did not state that it was
"under his oath of office," but on the contrary stated
that it was on the sworn complaint in writing of E. L.
Moehle filed herewith, and no sworn statement of E. L.
Moehle was filed. State v. Lewis, 70 Mo. App. 40.
(2) It can not be contended that the information
was based on the affidavit of E. L. Moehle filed with
the justice April 21, 1896, and upon which defendant
was arrested, because that affidavit, which was defect-
ive in other respects, charged the defendant with
obstructing the road in question April 20, 1895. The
information charges that defendant obstructed the
road May 2, 1896, another and different offense than
that charged in affidavit of April 21. The offense
charged, and upon which defendant was arrested, was
barred by the statute when the affidavit was made.
R. S. 1889, sec. 4000, p. 943. (3) The information

was not based on either the sworn complaint of a person competent to testify, as required by section 4330 of Laws of 1895, page 166, or "under the official oath" of the prosecuting attorney, and is therefore defective. State v. White, 55 Mo. App. 356; State v. Ransberger, 42 Mo. App. 466; s. c. in 106 Mo. 135; State v. Lewis, 70 Mo. App. 40.

C. D. CORUM for respondent, filed no brief.

SMITH, P. J.—It appears from the record that on the twenty-first day of April, 1896, one E. L. Moehle filed a complaint, verified by affidavit, before a justice of the peace charging that defendant had STATEMENT. unlawfully obstructed a certain public road, and that thereupon a warrant was issued and the defendant arrested. It further appears that later on the prosecuting attorney filed with the justice an information charging "on the sworn complaint of E. L. Moehle (filed herewith) informs W. T. Gibson, a justice of the peace within, etc., that the defendant on the second day of May, 1896, at, etc., did then and there unlawfully obstruct a certain public road," etc. Though the justice's docket recites that the complaint was filed it does not appear to have accompanied the information of the prosecuting attorney, or to have been filed therewith. It is not so found anywhere in the record. All that we know of it is gleaned from the recitals of the justice's docket.

In the circuit court, where the cause was removed by appeal, there was a trial which resulted in judgment for the state, and from which defendant has appealed. The defendant assails the judgment here on the ground that the information was not founded upon or accompanied by the complaint as required by the statute.

State v. Fuser.

As the complaint did not accompany the information and if filed with the justice it nowhere appears in the record, resort must be had to the recitals of the justice's docket in order to determine whether or not the grounds of defendant's assault are tenable. We are informed by it that the complaint was filed on April 21, 1896. Now the information charges that the offense was committed on May 2, 1896. It is clear that the offense described in the former was not the same as that described in the latter. The complaint could describe an offense theretofore committed, but not one thereafter committed. The offense described in the information was committed long after the date of the filing of the complaint. Then it is clear that the information was not based on the complaint filed with the justice, although it purports to have been.

If an information discloses on its face that it is not made upon the knowledge and information or belief of the prosecuting attorney, as here, but upon a complaint filed before a justice of the peace, it must be founded on the complaint. R. S., sec. 4329; State v. White, 55 Mo. App. 356; State v. Lewis, 70 Mo. App. 40. In such case if it be not founded on the complaint the prosecuting attorney is without authority to file the same. State v. Shaw, 26 Mo. App. 383. The information here necessarily charged a different offense from that charged in the complaint filed before the justice and therefore the former was not based on the latter.

The information was invalid and for that reason the judgment must be reversed and defendant discharged. All concur.